Statement.

# Richmond.

## CITY OF RICHMOND v. MODEL STEAM LAUNDRY.

### January 12, 1911.

#### Absent, Cardwell, J.

1. MUNICIPAL CORPORATIONS—*Ordinances—Validity—Arbitrary Discretion of Council—Constitutional Law—Equality and Uniformity.*— A city ordinance requiring a permit from the city council for the erection and use of furnaces and steam engines, which prescribes no fixed rules for the conduct of the business, applicable alike to all citizens who may bring themselves within its terms, and no conditions upon which such permit may be granted, and furnishes no rules by which an impartial exercise of the powers of the city council may be secured, but which confers upon the city council without regulation or control a purely arbitrary power to grant or refuse the permit, and makes the violation of such ordinance a misdemeanor, is obnoxious to the equality and uniformity clause of the Constitution of the United States and hence is invalid.

2. STATUTES—*Test of Validity—Constitutional Law.*—The test of the vilidity of a statute is not what has been done, but what may be done under its provisions.

Error to a judgment of the Hustings Court of the city of Richmond, on an appeal from the police justice of said city.

*Affirmed.*

The opinion states the case.

*H. R. Pollard* and *Geo. Wayne Anderson,* for the plaintiff in error.

*R. E. Peyton, Jr.,* and *Sands & Swartwout,* for the de- in error.

WHITTLE, J., delivered the opinion of the court.

The defendant in error was fined by the police justice of the city of Richmond for violation of the following ordinance:

"No furnace for melting iron or other metals, or making glass, and no stationary steam engine, designed for use in any mill for planing or sawing boards, or turning wood, or for any other purpose, or in which other fuel than anthracite coal is used to create steam, shall be erected, or put up to be used in this city, unless a permit therefor shall have been first granted by the city council, prescribing the place where the building in which such steam engine or furnace is to be used, is located, or where the same shall be erected; the materials and construction thereof, with such regulations as to height of stacks or chimneys, as to prevent the use of the same from being offensive to the occupants of adjacent property; and such protection against fire as they may deem necessary for the safety of the neighborhood. Every person erecting, setting up, or using any such furnace or steam engine without the said permit, or in violation of any of the conditions, provisions, restrictions or regulations thereof, shall be deemed guilty of a misdemeanor, and upon conviction thereof before the police justice, shall be fined not less than five nor more than twenty dollars, and each day's continuance of such misdemeanor shall be a separate offence."

On appeal to the hustings court, the ordinance was held to be in contravention of the 14th Amendment of the Constitution of the United States, in that it vests in the city council arbitrary and unreasonable power.

Careful consideration of the condemned ordinance shows that it prescribes no fixed rules for the conduct of the businesses with which it undertakes to deal, applicable alike to all citizens who may bring themselves within its terms; but every person desiring to engage in such occupations must

first obtain a permit from the city council, whose powers are undefined and absolute; and in default thereof shall be deemed guilty of a misdemeanor. The ordinance prescribes no conditions upon which the permit may be granted, and furnishes no rules by which an impartial exercise of the power vested in the council may be secured. The discretion of that body is in no way regulated or. controlled, and is purely arbitrary.

It is no answer to these objections to say, "that it is time enough to complain of the ordinance when the power of the city council shall have been arbitrarily exercised." The test of the validity of a law is not what has been done, but what may be done under its provisions. As far as our investigation of the authorities has gone, they are practically unanimous in declaring invalid ordinances of this character as obnoxious to the equality and uniformity clause of the Constitution.

The case of *Yick Wo* v. *Hopkins*, 118 U. S. 356, 30 L. Ed. 220, 6 Sup. Ct. 1064, is a controlling authority on the subject. For violation of ordinances of the city of San Francisco, in essentials similar to the ordinance under consideration, Yick Wo, a Chinese laundryman was convicted and fined. By *habeas corpus* proceeding the case was carried to the Supreme Court of the United States, where the ordinances were declared unconstitutional. Mr. Justice Matthews, in delivering the unanimous opinion of the court, on page 366, observes: "They seem to confer and actually do confer, not a discretion to be exercised upon a consideration of the circumstances of each case, but a naked and arbitrary power to give or withhold consent, not only as to places, but as to persons. So that, if an applicant for such consent, being in every way a competent and qualified person, and having complied with every reasonable condition demanded by any public interest, should, failing to obtain the requisite consent of the supervisors to the prosecution of his business, apply for redress by the judicial process

of mandamus, to require the supervisors to consider and act upon his case, it would be a sufficient answer for them to say that the law had conferred upon them authority to withhold their assent, without reason and without responsibility. The power given to them is not confined to their discretion in the legal sense of that term, but is granted to their mere will. It is purely arbitrary, and acknowledges neither guidance nor restraint."

The binding authority of that case is not affected by the suggestion that the San Francisco ordinances were aimed at Chinese laundrymen only. That, it is true, was one of the manifestations of the pernicious character of the legislation in the particular case; but the language of the ordinance there, as in this case, is general; and the decision of the court was not rested wholly on considerations of race discrimination.

Without undertaking to review the authorities, we deem it sufficient to say that the question involved has been decided by the courts of last resort in many of the States, and the views expressed by the Supreme Court of the United States in the *Yick Wo case* have been steadfastly adhered to. See 28 Cyc. pp. 767, 768; *City Council of Montgomery* v. *West* 40 So. (Ala.) 215, 9 L. R. A. (N. S.) 654; *Walsh* v. *City of Denver*, 11 Colo. App. 523, 53 Pac. 458; *City of Richmond* v. *Dudley*, 129 Ind. 112, 28 N. E. 312, 28 Am. St. Rep. 180, 13 L. R. A. 527; *State* v. *Dubarry*, 44 La. Ann. 1117, 11 South, 718; *Cicero Lumber Co.* v. *Town of Cicero*, 176 Ill. 27, 51 N. E. 758, 68 Am. St. Rep. 155, 42 L. R. A. 696; *Boyd* v. *Board of Councilmen of Frankfort*, 117 Ky. 199, 77 S. W. 669, 111 Am. St. Rep. 240; *Newton* v. *Belger*, 143 Mass. 598, 10 N. E. 464; *State* v. *Truant*, 110 N. C. 609, 14 S. E. 387, 28 Am. St. Rep. 715, 15 L. R. A. 423; *Goodall* v. *Sowell*, 62 S. C. 525, 40 S. E. 970; *Sioux Falls* v. *Kirby*, 6 So. Dak. 62, 60 N. W. 156, 25 L. R. A. 621; *Newbern* v. *McCann*, 105 Tenn. 165, 58 S. W. 114, 50 L. R. A. 476.

On the contrary an examination of the decisions relied on by the city shows that they arose under ordinances affecting the police power of municipalities with respect to the use of parks and streets, the sale of spiritous liquors and tobacco, and the like, which are readily distinguishable from the case in judgment.

Upon the whole case, we are of opinion that the judgment of the hustings court is plainly right, and must be affirmed.

*Affirmed.*