## Wytheville.

## PARRISH AND OTHERS V. CITY OF RICHMOND.

### June 8, 1916.

#### Absent, Cardwell, J.

1. MUNICIPAL CORPORATIONS—*Unreasonable Ordinance—Jitneys—Automobiles.*—So much of the ordinance of the city of Richmond regulating the granting of license to operators of "jitneys" as requires that the applicant for a license shall be the owner of the vehicle he proposes to operate is unreasonable, as it does not tend to promote the public safety and convenience, and is therefore void. A municipal ordinance that is unreasonable is void.

Appeal from a decree of the Hustings Court, Part II, of the city of Richmond.   Decree for the defendant. Complainants appeal.

*Reversed.*

The opinion states the case.

*O'Flaherty, Fulton & Byrd,* for the appellants.

*H. R. Pollard* and *George Wayne Anderson,* for the appellee.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed by a number of men who were operating for hire, along and over the streets of the city of Richmond, certain automobiles commonly known as "jitneys," for which a compensation of five cents for each passenger was charged. The city of Richmond passed an ordinance to regulate the use

of its streets by the automobiles or jitneys, which the plaintiffs considered as unduly harsh and oppressive. They thereupon filed their bill for an injunction, which was granted, and was subsequently dissolved; whereupon, an appeal was taken by the plaintiffs to this court.    After the appeal was allowed the city repealed the ordinance.

Among other provisions of the ordinance is one which requires the operator of the jitney to obtain a license from the city of Richmond, and that in the application for license "it shall be stated that the applicant is the owner of the vehicle or vehicles proposed be to operated, and that his place of residence is in the city of Richmond, or that he has a place of business or principal office therein  .  .  ."    So much of this requirement as demands that the applicant shall be the owner of the vehicle he proposes to operate is, we think, unreasonable.    It does not tend to promote the safety or convenience of the public, and is therefore not a proper exercise of the police power.

It is well settled that an ordinance, to be valid, must be reasonable, and that an unreasonable by-law is void.    See *Kirkham* v. *Russell*, 76 Va. 956.

As the ordinance has been repealed, we do not deem it necessary to examine its other features, and with respect to them we express no opinion.

For the reasons given we are of opinion that the decree complained of should be reversed, the injunction perpetuated, and that the appellants should recover their costs.

*Reversed.*