Syllabus.

## Richmond.

## IRVINE V. COMMONWEALTH.

### January 16, 1919.

1. HEALTH—*Roller Towels—Public Lavatories.*—The act of March 11, 1916, forbidding the use of roller towels in public lavatories, only applies to "any public lavatory in any building or in any railway train, or steamboat." The *gravamen* of the offense is that the lavatory in which the towel is used in common shall be a *public lavatory*, which cannot be affirmed of lavatories installed in an office building owned by a private individual for the convenience of tenants of the building, which are kept locked so that no one can enter them except tenants of the building, which tenants were furnished with keys by the accused. A public lavatory, on the other hand, is one that is open to all who may choose to use it. As for example, lavatories in railway trains, or steamboats, which are provided and kept open for the use and convenience of all of the public who travel thereon; or in buildings to which the public generally have a right to resort, and which are equipped with open lavatories for their use.

2. STATUTES — *Subject Expressed in Title — Roller Towels — Act March 17, 1918.*—So much of the act of March 17, 1918, as relates to "office buildings" is void because such buildings are not expressed in its title. The title to the act in question is restrictive. It enumerates the places in which it shall be unlawful to use the common or "roller towel," viz.: "In any hotel, railway train, railway station, public or private school, public lavatory or washroom." It has thus set the bounds, and to add "office building" (another distinct place) in the body of the act, would violate the terms and intendment of section 52 of the Virginia Constitution of 1902, which declares that, "No law shall embrace more than one object, which shall be expressed in its title."

Error to a judgment of the Corporation Court of city of Norfolk.

*Reversed.*

103

The opinion states the case.

*Jas. G. Martin,* for the plaintiff in error.

*Jno. R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile,* for the Commonwealth.

Whittle, P., delivered the opinion of the court.

Plaintiff in error, Walter Irvine, was the manager of the Royster office building, in the city of Norfolk. He was tried before a police justice of that city for a misdemeanor for the alleged violation of two acts of the General Assembly, approved, respectively, March 11 and March 17, 1916 (Acts 1916, cc. 160, 278), and fined five dollars.

Upon appeal from that judgment to the corporation court, a jury was waived, and accused was found guilty by the court, which imposed upon him a like fine of five dollars. To the latter judgment, this writ of error was granted.

The title to the first-mentioned act reads as follows: "An act to prohibit the use of roller towels in public lavatories." The act declares that "it shall be unlawful for any person, firm or corporation, to use, permit to be used or place in use, roller towels or other towels used in common in any public lavatory in any building or in any railway train or steamboat."

The warrant charged that accused "did unlawfully keep in place in an office building a towel for the common use."

The agreed statement of facts is that accused was the manager of an office building in the city of Norfolk, owned by a private individual; that the offices were rented out in usual course to various tenants, to-wit: to real estate dealers and other business concerns; that on each floor of said

building was a lavatory or washroom for the use of the tenants in said building, and which washrooms are kept locked, so that no one can enter the same except tenants of the building, which tenants are furnished with keys by said defendant (except that on two of the floors one whole floor, including the washroom thereon, is rented by a single tenant to each of these two floors, and the washroom on these floors is situated within the offices on these floors, and no one can get into the offices * * * without a key to such offices, which key is furnished to the tenants who rent these floors) ; that accused caused to be placed in the washroom in the building roller towels, which could be used by more than one person to the same towel, without such towel being relaundered, by tenants of the building who should enter the washrooms by means of the keys referred to.

[1]     It is quite apparent that the alleged offense of which the accused was charged and convicted is not within the terms of the act approved March 11, 1916, as remarked, the title of the act forbids the use of roller towels in "public lavatories."· The act conforms to the title, and only applies to "any public lavatory in any building or in any railway train or steamboat." The *gravamen* of the offense is that the lavatory in which the towel is used in common shall be a *public lavatory,* which cannot be affirmed of lavatories installed in an office building owned by a private individual for the convenience of tenants of the building, which are kept locked so that no one can enter them except tenants of the building, which tenants were furnished with keys by the accused. A public lavatory, on the other hand, is one that is open to all who may choose to use it. As, for example, lavatories in railway trains or steamboats, which are provided and kept open for the use and convenience of all of the public who travel thereon; or in buildings to

which the public generally have a right to resort, and which are equipped with open lavatories for their use.

Some of the definitions given by Black and other legal lexicographers of the word "public" are: "Pertaining to or affecting the whole body of people, or an entire community;" "open or common to all; general; open to common use," and the like. Black's Law Dictionary (2d ed.), p. 964, and authorities cited.

[2] What has been said, in part, applies to the later act approved March 17, 1916. And, besides, so much of that act as relates to "office buildings" is void because such buildings are not expressed in its title.

Section 52 of the Virginia Constitution of 1902 declares that "no law shall embrace more than one object, which shall be expressed in its title." This provision has been so .repeatedly construed by this court, and its purposes declared, that further exposition of it is unnecessary. *Dickens* v. *Radford-Willis, etc., R. Co.,* 121 Va. 353, 93 S. E. 625.

The title to the act in question is restrictive. It enumerates the places in which it shall be unlawful to use the common or "roller towel," viz: "In any hotel, railway train, railway station, public or private school, public lavatory or washroom." It has thus set the bounds, and to add 'office building" (another distinct place) in the body of the act, would violate the terms and intendment of section 52.

For these reasons, the judgment of the Corporation Court of the city of Norfolk must be reversed, and this court will enter such judgment as it ought to have entered, and will dismiss the warrant against plaintiff in error.

*Reversed.*