# CIRCUIT COURT OF THE CITY OF NORFOLK

Carl F. Erichsen

v.

City of Norfolk

January 24, 2001

Case No. (Chancery) C00-2018

BY JUDGE CHARLES E. POSTON

The Court grants the Defendants' motion to strike the Plaintiffs' evidence. Accordingly, this appeal taken pursuant to Virginia Code § 15.2-2006 and motion for declaratory judgment pursuant to Virginia Code § 8.01-184 are dismissed with prejudice. This case concerns an ordinance adopted by City Council on August 29, 2000, closing a portion of Pretty Lake Avenue between 8th and 9th Bay Streets. In accord with familiar principles, the Court will consider the evidence in the light most favorable to the Plaintiffs.

Pretty Lake Avenue between 8th and 9th Bay Streets is an unimproved "paper" street. Although some property owners whose lots adjoin this street use it at times for ingress and egress, there is another means of access to those lots. The Plaintiffs have pedestrian access to their property from 8th Bay Street across Pretty Lake Avenue, although a more facile pedestrian access and limited vehicular access is available from 9th Bay Street over that portion of Pretty Lake Avenue which has been closed by City Council.

The defendant, Edward A. Clark, III, applied for the street closure to facilitate the real estate development he was planning for the area. Clark had built single family houses in neighboring developments. Closing the portion

of Pretty Lake Avenue from 9th Bay Street westward would, he thought, enable him to build additional houses. Clark's development activities were consistent with the City's plan for developing that area.

Clark's application was referred to the City Planning Department, which studied it and recommended approval to the City Planning Commission. The Commission, in turn, held public hearings after giving notice to those concerned and forwarded the application to City Council with a recommendation for approval. It is important to note that consideration of a street closing application is not required by statute to be considered by the Planning Commission before City Council acts. The City Council caused the required notices to be given, held its own public hearing, and approved the application.

The Plaintiffs challenge the validity of the ordinance, on three grounds. Those grounds are stated in their Amended Bill of Complaint[1] as follows:

1. The ordinance is illegal and unconstitutional because it was enacted solely to benefit private interests and not the interest of the public in general.

2. [The ordinance is] illegal and unconstitutional because the enactment of the ordinance deprives the plaintiffs of a valuable property right, namely the right of reasonable access to their property without due process of law and without providing them with adequate compensation.

3. [T]he adoption of the ordinance violates the City's own policies in reference to vacating streets and/or closing same and the action of the City Council in adopting said ordinance is arbitrary and capricious and therefore must be set aside.

Analysis of this matter begins with a Virginia Code § 15.2-2006, which provides authority for closing public rights of way, including streets, and requires notification of "land owners affected thereby, along the public right-of-way proposed to be altered or vacated." All parties stipulated at trial that the required notice had been given.[2] City Council held a public hearing, and

---

[1] The pleading is entitled "Amended Appeal Pursuant to Virginia Code Section 15.2-2006 and Motion for Declaratory Judgment Under Virginia Code Section 8.01-184." Rule 2:2 of the Rules of the Supreme Court of Virginia provide that chancery causes are commenced with the filing of a Bill of Complaint.

[2] Some time before trial, the Defendants filed motions to dismiss on the ground that the Plaintiffs did not fall in the category of those required to be notified and therefor

on August 29, 2000, adopted an ordinance closing the portion of Pretty Lake Avenue in question. In the ordinance City Council found that:

> [S]aid portions of streets are not needed for public use and travel and should be closed, vacated and discontinued. . . .

The Supreme Court has left no room for anyone to doubt that City Council has authority to close streets within its boundaries:

> Streets are public highways, and hence the legislature has supreme control over them, to open, improve, repair, or to vacate them, but this authority may be delegated to municipalities, and when so delegated may be exercised by the municipalities to the full extent of the power conferred.

*City of Lynchburg v. Peters*, 145 Va. 1, 9, 133 S.E. 674, 677 (1926) (internal citations omitted).

Indeed, the power to open and close streets is so essential to local government that the power is said to have been granted in a general welfare clause in a general statute relating to cities. *Id.* at 13, 133 S.E. at 678 (quoting with approval *Commonwealth v. Illinois Cent. RR.*, 138 Ky. 749, 129 N.W. 96 (1910)). The authority to close streets, however, is not without limitation. When a municipality closes a street, the exercise of the power must be for the public welfare and not for the benefit of private interests. *Peters*, 145 Va. at 13, 133 S.E. at 678.

The closure of streets by a municipality is a legislative function, and the courts are loath to interfere with the exercise of legislative prerogatives. As the Supreme Court has taught:

> When the power to vacate or close streets has been delegated to a municipality, in the absence of a showing that the closure was for solely private benefit, or that it was the result of collusion or fraud, it is the exercise of a political or legislative function which the courts will not review.

*Id.* This reluctance to interfere with the proper exercise of power by a coordinate branch of government is not easily overcome:

---

do not have standing to challenge the City Council's action. Because of the ruling on the motion to strike, it is not necessary to consider these motions.

There exists, however, a presumption favoring the validity of municipal ordinances and the presumption governs unless it is overcome by unreasonableness apparent on the face of the ordinance or by extrinsic evidence which clearly establishes the unreasonableness.

*Kisley v. City of Falls Church*, 212 Va. 693, 697, 187 S.E.2d 168, 171 (1972) (citing *National Linen Service Corp. v. City of Norfolk*, 196 Va. 277, 279, 83 S.E.2d 401, 403 (1954)). In the case *sub judice*, the ordinance is clearly reasonable on its face. Invalidity, then, if shown, must be demonstrated by extrinsic evidence.

While courts have used various words to describe the standard of proof required to justify interfering with a legislative action, the standard is that of clear and convincing evidence.

State legislatures and city councils, who deal with the situation from a practical standpoint, are better qualified than the courts to determine the necessity, character, and degree of regulation . . . and their conclusions should not be disturbed by the courts unless clearly arbitrary and unreasonable.

*Martin v. City of Danville*, 148 Va. 247, 248-49, 138 S.E. 629 (1927). The Supreme Court more particularly defined the standard of proof in *Sheek v. City of Newport News*, 214 Va. 288, 290, 199 S.E.2d 519, 521 (1973):

Unless *clear and convincing* proof demonstrates that an ordinance is arbitrary and unreasonable, the ordinance must be upheld.

*Id.* (emphasis added). Further, the Supreme Court has held that if the question of reasonableness is fairly debatable, the ordinance will be upheld. *Martin*, 148 Va. at 250, 138 S.E. at 630.

This rule was stated differently in *Town of Narrows v. Clear-View Cable TV, Inc.*, 227 Va. 272, 280-81, 315 S.E.2d 835, 840 (1984):

The litigant attacking legislative action as unreasonable has the burden to establish unreasonableness. As we have stated in cases involving zoning ordinances, legislative action is reasonable if the matter in issue is fairly debatable. If the presumptive reasonableness of legislative action is challenged by probative evidence of unreasonableness, the challenge must be met by evidence of

reasonableness. If such evidence of reasonableness is sufficient to make the issue fairly debatable, the legislative action must be sustained; if not, the evidence of unreasonableness defeats the presumption and the legislative act cannot be sustained.

(Internal citations omitted.)

Against these considerations, then, when the evidence is viewed in a light most favorable to the Plaintiffs, can it be said that this closure was for private rather than public interests? I think not. City Council made express findings in the ordinance, and those findings are entitled to great weight. It is certainly in the public interest to encourage development of new residential structures for housing the population and for increasing the tax base. All of these interests are clearly public interests and are sufficient to support the City Council's actions. The mere fact that Clark may profit from the closure is irrelevant if the overall purpose be in the public interest. The evidence viewed in the light most favorable to the Plaintiffs does not support a finding that the closing was not in the public interest.

Reasonableness is judged, of course, by an objective standard. The ordinance was adopted to further the public interest, as has already been said. The Plaintiffs have presented no evidence that warrants a finding by clear and convincing evidence that the means chosen to further the public interest, *i.e.*, the street closure, was unreasonable. When one views the evidence in the light most favorable to the Plaintiffs, the most charitable conclusion is that their evidence may have shown that the question of reasonableness is fairly debatable. Thus, there can be no finding that the City Council's action in adopting the ordinance was unreasonable.

The Plaintiffs also say that the ordinance is illegal and unconstitutional because it deprives them of a valuable property right, namely reasonable access. If the Plaintiffs by virtue of this closing were denied all access to their property or if their pedestrian or vehicular access were unreasonably restricted, they might have grounds to complain. However, they have access to their property. The fact that this access might not be exactly as they desire is insufficient to support the court's invalidating the ordinance. The Plaintiffs may suffer inconvenience and, indeed, may lose the use of the street as a result of the closure. Merely closing a street, though, is neither taking nor damaging private property for public purposes. It is simply an abandonment of a public right, and incidental or consequential damages resulting from the closure are not recoverable. *Peters*, 145 Va. at 16, 133 S.E. 674 at 678-79. As the court said:

[A] public road belongs to nobody but the State; and when the government sees proper to vacate it, the consequential loss, if there be any, must be borne by those who suffer it, just as they would bear what might result from a refusal to make it in the first place.

*Id.* Finally, the Plaintiffs have offered no evidence showing any decrease in the value of their property as a result of the street closing.

When the evidence is examined in a light most favorable to the Plaintiffs, the court cannot find by clear and convincing evidence that they have suffered the loss of any property right to which they are entitled. They are entitled to no compensation resulting from the street closure. In its actions the City Council certainly afforded due process of law to interested citizens. Indeed, by referring the matter to the Planning Commission for study and recommendation, a step it was not required to take, City Council significantly expanded the opportunity for affected citizens to present their concerns.

The Plaintiffs also urge that the City Council adopted the ordinance in violation of its own policies. There is absolutely no evidence that any statute, ordinance, rule, or regulation extant governs the process by which the City Council processes and examines applications for street closings except as may be provided in Virginia Code § 15.2-2006. The Plaintiffs seem to urge that this action by City Council was in violation of its master plan and must therefore be invalid. City Council is deemed to know the contents of the master plan it adopted, and it therefore logically follows that any subsequent action by City Council contrary to that plan must of necessity be deemed to be a modification of that plan. The master plan, in any event, is simply a planning document, and its provisions do *not* bind City Council.

The Plaintiffs' evidence offered to establish the City's policies governing street closures, when tested by the standard of clear and convincing evidence, falls woefully short. Viewing the evidence in a light most favorable to the Plaintiffs, the court concludes that there has been no proof of any City policy governing this closure. Thus, it cannot be said that the City violated its own policy; nor can it be said that the City Council's action was arbitrary and capricious.

For the reasons stated above, the Court will grant the Defendants' motion to strike the Plaintiffs' evidence and dismiss this appeal and motion for declaratory judgment.