# CIRCUIT COURT OF FAIRFAX COUNTY

Scott MacDonald et al.

v.

City of Fairfax et al.

July 14, 2010

Case No. CL-2008-13766

BY JUDGE RANDY I. BELLOWS

This matter is before the Court on the Plaintiffs' declaratory judgment action against the Defendants. The Court heard legal argument on June 17, 2010, and took the matter under advisement at that time. After reviewing the parties' briefs, the Court is now prepared to rule.

### I. Background of the Enabling Legislation and Zoning Ordinance

Va. Code Ann. § 36-105.1:1(B) ("Enabling Legislation") gives local governing bodies the power to adopt an ordinance which establishes rental inspection districts within that locality. The Enabling Legislation also sets out a specifically prescribed mode by which a governing body is to exercise that power.

The version of the Enabling Legislation[1] that was in effect for the period during which this action arose states in part:

The local governing body may adopt an ordinance to inspect residential rental dwelling units for compliance with the Building Code and to promote safe, decent, and sanitary housing for its citizens, in accordance with the following:

1. Except as provided in subdivision B 3, the dwelling units shall be located in a rental inspection district established by the local governing body in accordance with this section, and

2. The rental inspection district is based upon a finding by the local governing body that (i) there is a need to protect the public health, safety, and welfare of the occupants of dwelling units inside the designated rental inspection district; (ii) the residential rental dwelling units within the designated rental inspection district are either (a) blighted or in the process of deteriorating, or (b) the residential rental dwelling units are in the need of inspection by the building department to prevent deterioration, taking into account the number, age, and condition of residential dwelling rental units inside the proposed rental inspection district; and (iii) the inspection of residential rental dwelling units inside the proposed rental inspection district is necessary to maintain safe, decent, and sanitary living conditions for tenants and other residents living in the proposed rental inspection district. Nothing in this section shall be construed to authorize a locality-wide rental inspection district and a local governing body shall limit the boundaries of the proposed rental inspection districts to such areas of the locality that meet the criteria set out in this subsection, or

3. An individual residential rental dwelling unit outside of a designated rental inspection district is made subject to the rental inspection ordinance based upon a separate finding for each individual dwelling unit by the local governing body that (i) there is a need to protect the public

---

[1] The Enabling Legislation was amended to its current version in 2009 by the General Assembly.

health, welfare, and safety of the occupants of that individual dwelling unit; (ii) the individual dwelling unit is either (a) blighted or (b) in the process of deteriorating; or (iii) there is evidence of violations of the Building Code that affect the safe, decent, and sanitary living conditions for tenants living in such individual dwelling unit.

Va. Code Ann. § 36-105.1:1(B) (2004).

Under the statute, the authority granted by the Enabling Legislation mandates at least three specific findings. First, there must be "a need to protect the public health, safety, and welfare of the occupants ... inside the designated rental inspection district." *Id.* Second, the units within the district must be blighted or deteriorating, or in need of inspection to prevent deterioration "taking into account the number, age, and condition of residential dwelling rental units inside the proposed rental inspection district." *Id.* Finally, the inspection of rental dwelling units in the district must be necessary to maintain safe, decent, and sanitary living conditions for tenants and other residents living in the proposed rental inspection district. *Id.*

In addition to these findings, the statute limits a governing body's power to create rental inspection districts. The statute requires the locality to limit "the boundaries of the proposed rental inspection district to such areas of the locality that meet the criteria set out in this subsection." *Id.* It also prohibits a locality from establishing "a locality-wide rental inspection district." *Id.*

On September 23, 2008, the Fairfax City Council passed Ordinance No. 2008-18. The Ordinance created two rental inspection districts, which together comprise the entirety of the City of Fairfax. Under a dual zone framework, the Council created an East District and a West District using geographic Census tracts in relation to Route 123.

On October 22, 2008, Plaintiffs, owners and managers of residential rental property affected by the Ordinance, filed this action challenging its validity and enforceability. (Compl. ¶¶ 1-4.)

Significantly, the General Assembly amended Va. Code Ann. § 36-105.1:1 in 2009. The subsequent legislation now prohibits a locality from establishing one or more rental districts that encompass an entire locality. It, however, also contains a clause which specifically provides, "[t]hat nothing in § 36-105.1:1 shall be construed to invalidate any rental inspection district duly established by a local governing body on or before January 2, 2009."

## II. Legal Standard

The parties entered into a consent order bifurcating this case into two hearings. By the terms of the consent order, the Court would first hear legal argument based on undisputed facts. After this hearing, the Court would hold an evidentiary hearing only if it found it to be necessary and appropriate. The Court heard legal argument on June 17, 2010. As to the matters that were the subject of those legal arguments, it appears to the Court, and the parties agree (Def.'s Trial Memo at 1; Pl.'s Trial Memo at 2), that there are no material facts in dispute; therefore, the matter is ripe for final resolution by declaratory judgment.

## III. Analysis

The two issues before the Court are: (1) whether the Fairfax City Council's creation of two rental inspection districts, which encompass the entire city, was a valid exercise of the municipality's legislative power; and (2) whether the Fairfax City Council made the requisite findings as required by the Enabling Legislation.

### A. Dual Zones

Dillon's Rule provides that municipal corporations have "only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable." *Board of Zoning Appeals v. Board of Supervisors*, 276 Va. 550, 554, 666 S.E.2d 315, 317 (2008). Under Dillon's Rule, the defendants in this case have the express power to enact a rental inspection ordinance pursuant to the Enabling Legislation.

The Enabling Legislation prohibits the creation of a locality-wide rental inspection district. Plaintiffs argue that this language necessarily means that the creation of two rental inspection districts that encompass the entire locality would be an *ultra vires* act of power. It is their contention that the aim of the statute is to require these districts to be limited to specific areas that meet certain criteria and to prohibit, in essence, a local government from establishing multiple rental inspection districts that cover the entire locality, which in effect are the same as one locality-wide rental inspection district.

The language of the Enabling Legislation is clear and unambiguous. It only prohibits the creation of a single rental inspection district that encompasses an entire locality. It does not prohibit the creation of multiple rental inspection districts that cover the entire locality. It states, in relevant part, "[n]othing in this section shall be construed to authorize a locality-wide rental inspection district and a local governing body shall limit the boundaries of the proposed rental inspection districts to such areas of the locality that meet the criteria set out in this subsection." Va. Code Ann. § 36-105.1:1(B) (2004). Here, the City Council has created two rental inspection districts, which does not violate the terms of the statute.

In support of their position, Plaintiffs argue that the 2009 amendments of Va. Code Ann. § 36-105.1:1(B) were adopted in response to the City of Fairfax's Ordinance and are meant to clarify the purpose of the statute, which, among other things, is to forbid multiple rental inspection districts that cover the entire locality. Specifically, Plaintiff's point to the phrase which now reads, "[n]othing in this section shall be construed to authorize one or more locality-wide rental inspection districts. . . ." Va. Code Ann. § 36-105.1:1(B) (2009).

Just as significant, however, is the phrase, also in the 2009 amendments, "[t]hat nothing in § 36-105.1:1 of this act shall be construed to invalidate any rental inspection district duly established by a local governing body on or before January 1, 2009." Id. The Court also finds it significant that the General Assembly did not make these 2009 amendments retroactive, which would have invalidated the City's actions in this case. Nor did the General Assembly state that the amended statute was declarative of existing law. The Court must assume, then, that the General Assembly, in amending the statute, intended to effect a substantive change in the law. *Virginia-American Water Co. v. Prince William County Serv. Auth.*, 246 Va. 509, 517, 436 S.E.2d 618, 622-23 (1993); *Dale v. City of Newport News*, 243 Va. 48, 51, 412 S.E.2d 701, 702 (1992).

In addition, if the language of a statute is plain, it is to be taken as written. *Woodward v. Staunton*, 161 Va. 671, 674, 171 S.E. 590, 591 (1933). It is not permissible to construe a statute simply to give effect to what the legislature may have intended and to assume that it was only by inadvertence that it failed to state something other than what it plainly stated. This fact is particularly true in this case when there is no confusion or lack of clarity in the wording of the statute and where the General Assembly easily could have worded the statute to provide the meaning Plaintiffs allege. *Vroon v. Templin*, 278 F.2d 345, 348-49 (4th Cir. 1960)

(interpreting Virginia law). Therefore, creating two rental inspection districts that encompass the entire locality was within the express power granted under the Enabling Statute, and the Fairfax City Council did not act *ultra vires* by doing so.

Plaintiffs also argue that the Ordinance is facially invalid because it incorporates a map which shows dual zones encompassing the entirety of Fairfax and consequentially violates the Enabling Legislation's prohibition on a locality-wide rental district. Because the City's actions fit within the purview of the Enabling Legislation, the Ordinance cannot be facially invalid since it creates two zones, not the prohibited one zone.

## B. *Factual Findings*

The Enabling Legislation, as a condition precedent to making rental inspection districts, requires localities to make factual findings that: (a) there is a "a need to protect the public health, safety, and welfare of the occupants … inside the designated rental inspection district;" (b) the units within the district are blighted or deteriorating, or in need of inspection to prevent deterioration "taking into account the number, age, and condition of residential dwelling rental units inside the proposed rental inspection district;" and (c) the inspection of rental dwelling units in the district is necessary to maintain safe, decent, and sanitary living conditions for tenants and other residents living in the proposed rental inspection district. Va. Code Ann. § 36-105.1:1(B) (2004).

Absent the above conditions, a locality has no power to create rental inspection districts. Plaintiffs argue that the City Council did not make the requisite factual findings and contend that this is evidenced by the fact that the language in the Ordinance merely tracks what is required by the Enabling Statute but does not make any specific findings about the properties in those districts. The Ordinance states in Sec. 10-5(a)(5):

> After holding a duly advertised public hearing as required by the Code of Virginia, § 36-105.1:1(C)(1), having duly given notice as required, city council finds that within the inspection districts described in section (6) herein below, (i) finds that there is a need to protect the public health, safety, and welfare of the occupants of dwelling units inside the designated rental inspection districts; (i) the residential rental dwelling units within the designated rental inspection districts are either (a) blighted or in the process of deteriorating, or (b)

the residential rental dwelling units are in need of inspection by the code official to prevent deterioration, taking into account the number age and condition or residential dwelling rental units inside said rental inspection districts, and (ii) the inspection of residential rental dwelling units inside the rental inspection districts is necessary to maintain safe, decent and sanitary living conditions for tenants and other residents living in the rental inspection districts.

Although the factual findings contained in the Ordinance do not detail the name of the properties or their conditions, the findings, on their face, are in compliance with the requirements of the statute and are consistent with the express power delegated to it by the General Assembly and the mode of exercise of that power under the Enabling Legislation.

Plaintiffs also argue that the statute is not intended to allow localities to regulate properties in areas other than those that are blighted or deteriorating. They contend that the entirety of Fairfax City simply cannot suffer from blight or deterioration so that the entire City would fit within the criterion set out in the Enabling Legislation. Defendants argue, however, that they had the authority to include non-deteriorating or blighted properties under subsection (b) of Va. Code Ann. § 36-105.1:1(B)(2)(ii). The statute requires a finding that:

the residential rental dwelling units within the designated rental inspection district are *either* (a) blighted or in the process of deteriorating, *or* (b) the residential rental dwelling units are in need of inspection by the building department to prevent deterioration, taking into account the number, age, and condition of residential dwelling rental units inside the proposed rental inspection district;

Va. Code Ann. § 36-105.1:1(B)(2)(h) (2004) (emphasis added). The language provides that the dwelling units within the rental inspection be either blighted, or in need of inspection to prevent deterioration. Therefore, by the terms of the Enabling Legislation, blight is merely one of a number of factors the Council could properly consider when determining whether the proposed inspection districts meet the criteria established by the statute.

Plaintiffs also rely upon *Bristol Redevelopment and Housing Auth. v. Denton* for the proposition that, absent a significant number of blighted

or deteriorating properties, there is no factual basis for the exercise of power to designate non-blighted, non-deteriorating properties as "in need of inspection to prevent deterioration." *See Bristol Redevelopment and Housing Auth. v. Denton*, 198 Va. 171, 180-81, 93 S.E.2d 288, 295 (1956). *Denton*, however, dealt with a municipality's power to acquire certain blighted properties through the use of eminent domain, and, in it, the Supreme Court emphasized that the condition of the area was the very basis of the power to acquire the property located therein. *Id*. at 178. The Court does not find it applicable to the instant case.

Plaintiffs argue that, where enabling legislation requires factual findings as a condition precedent to the exercise of power, review of those findings is appropriate to determine the validity of the exercise of such powers. *Marble Technologies, Inc. v. City of Hampton*, 279 Va. 409, 690 S.E.2d 84 (2010). In *Marble Technologies*, however, the Supreme Court did not look behind the city's factual findings but rather determined from the face of the Ordinance that the city had used criterion other than those mandated by statute. *See Marble Technologies, Inc.*, 279 Va. at 420, 690 S.E.2d at 90.

Defendants argue that the standard to be applied by the Court in reviewing the City's exercise of power depends of the type of power granted by the enabling legislation. Where the statute confers a general grant of power, the Court may review it to determine whether it is an unreasonable or arbitrary exercise of power. *See Denton*, 198 Va. at 177, 93 S.E.2d at 293. They contend, however, that, where the statute prescribes the "mode of exercise" of the power granted, the Court's review is more limited. In such a case, Defendants rely upon *Richmond-Ashland v. Commonwealth* for the following proposition:

> Where the legislature, in terms, confers upon a municipal corporation the power to pass ordinances of a specific and defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed pursuant thereto cannot be impeached because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the legislature distinctly says may be done cannot be set aside by the courts because they may deem it unreasonable or against sound policy. But where the power to legislate on a given subject is conferred and the mode of its exercise is not prescribed, then

the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid.

*Richmond-Ashland v. Commonwealth*, 162 Va. 296, 307, 173 S.E. 892, 896 (1934).

In cases in which the Supreme Court has looked behind the findings of a municipality, the ordinance in question was enacted pursuant to a general grant of power, which did not prescribe a mode of execution. *See National Linen Service Corp. v. City of Norfolk*, 196 Va. 277, 281, 83 S.E.2d 401, 404 (1954); *Bristol Redevelopment and Housing Auth. v. Denton*, 198 Va. 171, 177, 93 S.E.2d 288, 293 (1956); *Runnels v. Staunton Redevelopment and Housing Auth.*, 207 Va. 407, 410, 149 S.E.2d 882, 885 (1966); *Kisley v. Falls Church*, 212 Va. 693, 697, 187 S.E.2d 168, 171 (1972). The Enabling Legislation, in this case, is an express grant of power in that it explicitly gives a locality the power to enact rental inspection districts, but it also limits that power to the criterion set forth in the statute by setting forth a mode of execution. In essence, it gives the locality the power to pass an ordinance, but that power is narrow and confined to a prescribed mode of execution. It is not a general grant of power.

Because all presumptions are in favor of the validity of the exercise of municipal power, *National Linen Service Corp. v. City of Norfolk*, 196 Va. 277, 279, 83 S.E.2d 401, 403 (1954), and no authority was produced which allows the Court to look behind the factual findings of the City when the mode of exercise is prescribed, the Court will not do so in the instant case. Here, as evidenced by the text of the Ordinance, the City Council made the factual findings and followed the mode of exercise that the General Assembly required. Therefore, the Court finds that Fairfax City Ordinance No. 2008-18 is valid.