[No. 7846. Department One. May 27, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Cascade Public Service Corporation, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *et al., Respondents.*[1]

EMINENT DOMAIN—CERTIORARI—REVIEW—PARTIES ENTITLED. Upon certiorari to review a judgment in a proceeding by one public service corporation to condemn the lands of another, as having a prior right thereto, objections filed by leave of the supreme court, by a municipal corporation claiming rights in the property and that neither party is a public service corporation, will not be considered by the supreme court.

EMINENT DOMAIN—PROCEEDINGS—PRIORITY OF RIGHT. As between two public service corporations seeking condemnation of the same lands, the one prior in time is prior in right.

Certiorari to review a judgment of the superior court for Pierce county, Chapman, J., entered December 9, 1908, after a trial before the court without a jury, on the merits, dismissing a condemnation proceeding. Affirmed.

[1]Reported in 101 Pac. 1094.

*Ellis, Fletcher & Evans* and *George M. Sinclair*, for plaintiff.

*T. L. Stiles, F. R. Baker*, and *F. A. Latcham*, for appellant City of Tacoma.

*Hayden & Langhorne*, for respondent Nisqually Power Co.

MORRIS, J.—This is a contest between two corporations, claiming to be public service corporations, each asserting its priority of right to utilize the waters of the Nisqually river to develop water power for the manufacture of electricity. The plaintiff filed its petition October 15, 1907, in which it sought to condemn lands belonging to the respondent company, situate in the counties of Pierce and Thurston, for the purpose of a storage basin. The respondent company appeared and numerous hearings were had, until December 8, 1908, when the court below handed down its decision in favor of the respondent company, upon the theory that it, being first in time, was first in right; and on December 9, 1908, entered its order dismissing the petition, and the plaintiff brings the proceedings to this court for review.

The city of Tacoma, having first obtained leave so to do, files its brief in this court, in which it sets forth that it is proceeding under various public utility acts to acquire property necessary to the construction of an electric generating plant, to furnish electric power for its lighting purposes, and to that end has selected as the most available location the lands of both plaintiff and respondent company, as well as other lands along the Nisqually river, and a part of the waters of the river. The city then attempts to show in its brief that neither the plaintiff nor the respondent company is a public service corporation, and hence neither is entitled to exercise the right of eminent domain. We do not pass upon such question so raised by the city, as it is not directly involved in the question submitted under the writ herein. It will be ample and better time to determine that question when either of these contending corporations seeks to exercise the right

of eminent domain against third persons, or the city seeks in direct proceedings to acquire the lands of either. Doubtless their rights in that regard will then be questioned, and can then best be determined.

As between the plaintiff and respondent company, we adopt the finding of the lower court that the respondent company was first in time and, so finding, we hold it to be first in right. "When different corporations desire the same location, the one that is prior in point of time is also prior in point of right." Mills, Eminent Domain (2d ed.), § 4. Such has become the announced rule of this court. *State ex rel. Kettle Falls etc. Irr. Co. v. Superior Court*, 46 Wash. 500, 90 Pac. 650; *Nicomen Boom Co. v. North Shore Boom etc. Co.*, 40 Wash. 315, 82 Pac. 412.

The judgment is therefore affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and CHADWICK, JJ., concur.