[No. 11530.    Department One.    February 4, 1914.]

THE CITY OF CHEHALIS, *Respondent*, v. THE CITY OF

CENTRALIA, *Appellant*.[1]

EMINENT DOMAIN—BY CITIES—PRIORITY.    As between two cities seeking to condemn the same land, the one first in time is first in right.

EMINENT, DOMAIN—BY CITIES—PREREQUISITES—ORDINANCE—SUFFI-CIENCY.    Under Rem. & Bal. Code, § 7769, providing that a city desiring to condemn land shall provide therefor by ordinance, an ordinance providing for the submission of a plan or intent to acquire a gravity water system, containing a recital that it is proposed to acquire the necessary lands by purchase or condemnation, and describing the location of a proposed dam and intake, sufficiently manifests an intent to condemn land, as against another city seeking to condemn the same land; since the statutes are to be strictly construed only as against the owners of the land, and the law does not require any formal direction to the city attorney to institute condemnation proceedings.

SAME—PROCEEDINGS—PETITION—DESCRIPTION OF PROPERTY.    Under Rem. & Bal. Code, § 7771, requiring a reasonably accurate description, a petition in condemnation proceedings is not fatally defective in that the description of the property did not close, where it was sufficient to identify the property, and the same was properly described in the decree; accuracy only in the decree being essential.

SAME—PROCEEDINGS—DEFENSES.    In condemnation proceedings for a city to acquire lands for a storage reservoir for a water system, it is no defense that, pending the trial, another city had acquired the rights of lower riparian owners, especially where it was not sought to condemn such riparian rights; since the acquisition of such rights did not confer the right to divert the waters for municipal purposes.

[1]Reported in 138 Pac. 293.

22—77 WASH.

Appeal from a judgment of the superior court for Lewis county, Back, J., entered May 7, 1913, upon findings in favor of the plaintiff, in a contest to determine the right to condemn property for a public use, after a hearing before the court. Affirmed.

·  *W. N. Beal, Geo. Dysart, Forney & Ponder*, and *Preston & Thorgrimson*, for appellant.

*W. A. Reynolds, John A. Shackleford*, and *F. D. Oakley*, for respondent.

CHADWICK, J.—The cities of Chehalis and of Centralia are alike contending for a site for a 'reservoir on the north fork of the Newaukum River. It is the intention of each of the cities to impound and divert the waters of that stream for domestic and other uses within the limits of the respective municipalities.

The city of Chehalis was the primal mover, and being first in time, was held to be first in right, under the following decisions of this court: *State ex rel. Cascade Public Service Corp. v. Superior Court*, 53 Wash. 321, 101 Pac. 1094; *State ex rel. Kettle Falls Power & Irr. Co. v. Superior Court*, 46 Wash. 500, 90 Pac. 650; *Nicomen Boom Co. v. North Shore Boom etc. Co.*, 40 Wash. 315, 82 Pac. 412. From a decree in favor of the city of Chehalis, the city of Centralia has appealed. The owner of the land sought to be condemned is the Weyerhauser Timber company. It is not complaining or appealing.

It is first contended that the proceedings undertaken by the city of Chehalis were insufficient and so lacking in certain formalities required by the statute that no rights can be predicated thereon, and that the proceedings undertaken on the part of Centralia being in all things regular, the court should have entered a decree in its favor.

The irregularities and omissions relied on are, first, that the city of Chehalis did not declare its intention to condemn by ordinance, as required by Rem. & Bal. Code, § 7769 (P. C.

171 § 33) ; and, second, that the property sought to be acquired was not sufficiently described; and, third, that the city of Centralia having acquired by deed the riparian rights of the down stream owners, cannot now be deprived of the waters of the Newaukum river.

(1)    That part of § 7769 of the code relied on is as follows:

"When the corporate authorities of any such city shall desire to condemn land or other property, or damage the same, for any purpose authorized by this act, such city shall provide therefor by ordinance, and unless such ordinance shall provide that such improvement shall be paid for wholly or in part by special assessment upon property benefited, compensation therefor shall be made from any general funds of such city applicable thereto."

It is admitted that the ordinance providing for the submission of the plan or intent to acquire a gravity water system contains a recital that it is proposed to acquire the necessary lands, either by purchase or condemnation, that it is proposed to construct the intake and dam at a point on the river within the limits of a certain quarter section of land; but it is urged that these recitals were for the purpose of advising the people as to the proposition to be voted on, and that the ordinance for this reason does not institute condemnation proceedings.

We do not read the statute with the same understanding as counsel.  The city could not condemn by ordinance.  Under the statute, that could only be done by a proper proceeding in a court of competent jurisdiction.  Rem. & Bal. Code, § 7770 (P. C. 171 § 35).  The statute requires, as an initial proceeding, that the council shall manifest its intent to condemn land.  This was done in the instant case, and it was ratified by the electors of the city.  As against a property owner, it is the rule that eminent domain statutes shall be construed strictly; but as between parties who are seeking priorities in the taking of the same piece of land, we know of no rule that would require a court to hold any part of the

proceeding to be technically insufficient unless it can be said that the objection goes to the jurisdiction.

It is said, that the will of the council, as evidenced by the ordinance, falls short of the demands of the statute; that this is proven by the fact that, after the ordinance was passed, the council passed a motion directing the city attorney to institute a condemnation proceeding in the courts; that, the first ordinance being insufficient, the direction to the attorney should have been by ordinance. This position is not tenable. The ordinance was sufficient. Nor does the law require any formal direction to the city attorney. If it did and he had begun such action without direction, no third person could object. It would have been a mere irregularity which, if not repudiated by the city, would have been unavailing to others.

(2)    The petition did not describe the property sought to be taken with exact certitude; one of the courses did not tie. Upon the trial, a decree was entered defining the exact limits of the condemned area. The description was sufficient to identify the property. The statute, Rem. & Bal. Code, § 7771 (P. C. 171 § 37), requires no more than a reasonably accurate description. It follows that accuracy of description is essential only in the decree.

(3)    The acquisition of the rights of the riparian owners, by the city of Centralia, pending the trial of the condemnation suit, is unavailing as a defense. *State ex rel. Kettle Falls Power & Irr. Co. v. Superior Court, supra.* Moreover, respondent disclaims in its brief any intention to hold these riparian rights under the decree, or to acquire them in this proceeding. We shall not discuss this phase of the case, except to say that this proceeding is directed to the acquisition of land upon the river upon which it is intended to make a storage reservoir. The city of Centralia could not acquire the right to divert the waters of the stream for municipal uses by acquiring the lower riparian rights. Its rights are those of riparian owners; no more and no less; and it may be that respondent will have to extinguish those rights before it

can divert the waters of the stream. Such a proceeding would involve questions going to the extent of the impairment of the right not now before us, and which we do not decide.

Affirmed.

CROW, C. J., MAIN, ELLIS, and GOSE, JJ., concur.