# Richmond

SOUTHERN RAILWAY COMPANY v. CITY OF DANVILLE.

April 8, 1940.

Record No. 2214.

Present, All the Justices.

The opinion states the case.

*Thomas B. Gay* and *Malcolm K. Harris,* for the plaintiff in error.

*A. M. Aiken,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

The parties in this case have agreed upon the facts. Their agreement, which also sets out the single question of law involved, is stated in the following language:

"As of January 1, 1935, the City of Danville, a municipal corporation of Virginia, assessed municipal taxes against the Southern Railway Company in the total amount of $8,899.05, covering levy on real estate and tangible personal property, such taxes being for the calendar year 1935.

"On June 27, 1936, the Southern Railway Company paid to D. P. Garvin, City Collector, said sum of $8,899.05.

"Under date of December 8, 1936, Southern Railway Company tendered to said D. P. Garvin, City Collector, the sum of $457.60 in payment of all penalties and interest which had accrued by reason of the failure of said taxpayer to pay the taxes assessed as above for the year 1935, be-

fore January 1, 1936, but said City Collector refused the tender, because he claimed that the tender consisted only of $444.96 plus $12.64 interest, being interest on the penalty from June 16, 1936, and said City Collector claimed that taxpayer was due the City of Danville interest on the penalty of $444.96 from January 15, 1936, and that taxpayer also owed the City of Danville interest at 6 per cent on $8,899.05 (the amount of taxes paid June 27, 1936), from January 16, 1936. The defendant, as of the return day of this notice, paid into court, to the clerk thereof, the sum of $457.60 (made up of the penalty of $444.96 and interest thereon of $12.64), which had been tendered to Hon. D. P. Garvin, Collector.

"The only question in this case is whether the taxpayer owes interest on the assessment of $8,899.05. The City of Danville claims that defendant was liable for interest on the principal and the penalty from January 15, 1936. Defendant has paid into court the penalty of 5 per cent and interest thereon to date same was tendered the City Collector, and contends that inasmuch as it paid the taxes before June 30, 1936, no interest accrued and it is therefore not liable for interest."

The charter of the city of Danville contains the following provisions:

"The Council shall have authority to adopt all needful rules and regulations for its government and the proper conduct of its business, * * * "

"For the proper execution of its powers and duties and to meet the wants and purposes of the City, the Council is hereby vested with power and authority annually to lay and collect taxes on the real and personal property in said City. * * * "

"There shall be a lien on real estate for the City taxes assessed thereon from the commencement of the year for which they are assessed. * * * The Council may require the real estate in said City delinquent for the non-payment of taxes to be sold for the same, with interest thereon and such per centum as it may prescribe for charges and ex-

penses of sale and collection, and may regulate the terms on which real estate may be sold or redeemed; * * * "

Section 114 of Chapter XIII of the ordinances of the city provides, as follows:

"*Interest at the rate of six per centum* per annum *is hereby imposed* and shall be charged and collected *upon all city taxes and levies,* however such taxes or levies may have been or may hereafter be assessed or assessable *which may* have heretofore not been paid or may hereafter *remain unpaid on the fifteenth day of June in the year succeeding that in which such taxes or levies have been or may be assessed. Such interest shall be charged and computed from the fifteenth day of January in the year succeeding that in which taxes have been or may be assessed,* and shall be collected and accounted for by the Collector along with the principal sum thereof and with any penalties incurred or accrued for default in the due payment of the sum in the same manner that said taxes or levies are or may be authorized or required by law to be collected." (Italics ours).

In 1935, the year for which the taxes were assessed and became delinquent, the following pertinent portions of the State Tax Code, relating to interest upon delinquent tax assessments, were in effect:

"Interest at the rate of six per centum per annum from the 16th day of June of the year next following the assessment year shall be collected upon the principal and penalties of all such taxes and levies then remaining unpaid, * * * .

"But this paragraph shall not apply to local levies in any city or town where penalty or interest on such levies is regulated by its charter, or by other special provisions of law." Acts of Assembly, 1933, Ex. Sess., chapter 33, page 60, amending section 372 of the Tax Code.

The trial judge held that the provisions of the city ordinance controlled, and that when the railway company defaulted in the payment of its 1935 taxes, and such default continued until June 15, 1936, the city became entitled to recover the principal amount of the taxes, with interest thereon at the rate of 6% per annum from the 15th day of

January, 1936, until paid, in addition to a 5% penalty on the principal amount of the tax bill.

The railway company contends that section 372 of the State Tax Code, Acts 1933, providing that interest on delinquent tax assessments be collected from the 16th day of June of the next year following the assessment year is controlling, and that the saving clause of that section is not applicable, because interest on such assessments is not regulated by the charter of the city, and a city ordinance is not a "special provision of law" within the meaning of that clause.

The principal question for our determination is whether an ordinance of a city is a provision of law.

██ A municipal corporation, acting in the performance of a governmental function, is but an arm or agency of the State. Its charter contains the powers delegated to it by the legislature. The conferred powers are exercised by the council of the city, the legislative branch of its government. Legislation by the council under powers conferred upon the city by the legislature is the exercise of the legislative power of the State.

██ The power to lay and collect taxes is an essential governmental function. The enactment of a law or ordinance fixing the rate of assessment and the method of enforcement is a legislative function. The power to lay and collect taxes carries with it the power to enforce collection. The imposition of interest, a penalty, or both, for delinquency in the payment of taxes, is a measure generally employed to enforce their collection, as well as to induce prompt payment. The enactment of an ordinance fixing a penalty for the nonpayment of taxes and the rate of interest for continued delinquency is an enactment legislative in character and governmental in fuction.

This court, in *Richmond* v. *Supervisors of Henrico County*, 83 Va. 204, 2 S. E. 26; and *Norfolk & W. Ry. Co.* v. *White*, 158 Va. 243, 163 S. E. 530, quoting from *Taylor* v. *Carondelet*, 22 Mo. 105, said, "a city council is a miniature general assembly and their authorized ordinances have the

force of laws passed by the legislature of the State." *Wragg* v. *Penn Township,* 94 Ill. 11, 19, 34 Am. Rep. 199.

■■ The word "ordinance" denominating the act of a city council simply distinguishes it from the word "law," which applies to an act of the State legislature. As a term of municipal law, it is equivalent to either "law" or "statute" as a term of state legislative action and carries with it by natural, if not necessary, implication the usual incidents of such action. Both ordinances and laws are acts of a deliberative, representative and legislative body. An ordinance, duly enacted, has the force and effect of law. It is a law. *Hopkins* v. *City of Richmond,* 117 Va. 692, 86 S. E. 139, Ann. Cas. 1917D, 1114; *City of Lynchburg* v. *Lynchburg T. & L. Co.,* 124 Va. 130, 97 S. E. 780; *Norfolk & W. Ry. Co.* v. *White, supra.*

The Supreme Court of the United States has taken the same view as to the legal effect of an ordinance. *North American Cold Storage Co.* v. *City of Chicago,* 211 U. S. 306, 29 S. Ct. 101, 53 L. Ed. 195, 15 Ann. Cas. 276; *Atlantic Coast Line R. Co.* v. *Goldsboro,* 232 U. S. 548, 34 S. Ct. 364, 58 L. Ed. 721; *King Mfg. Co.* v. *City Council of Augusta,* 277 U. S. 100, 48 S. Ct. 489, 72 L. Ed. 801; *United States F. & G. Co.* v. *Guenther,* 281 U. S. 34, 50 S. Ct. 165, 74 L. Ed. 683, 72 A. L. R. 1064.

■ There is no merit in the further contention of the railway company that the phrase, "or by other special provisions of law," simply refers to the charter or enactments of a similar nature by the General Assembly. That phrase is neither absurd nor contrary to the import of the whole paragraph in which it is found. Considering the fact that the General Assembly knows that councils of cities exercise granted legislative powers within the confines of their municipalities, the words of the phrase clearly indicate that it was meant to include the exercise of such power in the enactment of ordinances or city laws. The words of the phrase do not refer to or limit its application to acts of the legislature. A city ordinance is a "special" or a specific provision of law in the sense that it is limited

in its operation to the territorial confines of the city. The word "other" definitely enlarges the saving clause of the section to include provisions of law other than those contained in the charter.

The policy of the State, in this connection, towards cities and towns is evidenced by Acts of Assembly, 1934, chapter 121, page 166, now Virginia Tax Code, 1936, section 297 (Appendix p. 2498), reading as follows:

"The council of any city or town in this State may provide by ordinance for the collection of city or town taxes or levies on property in installments at such times and with such penalties for non-payment in time as may be fixed by ordinance."

Our conclusion is that the foregoing ordinance of the city of Danville is a "special provision of law" within the meaning of the saving clause of section 372 of the State Tax Code, Acts 1933.

The judgment of the trial court is affirmed.

*Affirmed.*