## Richmond

### Board of Supervisors of Prince William County, Et Al. v. Board of County Supervisors of Fairfax County, Et. Al.

January 17, 1966.

Record No. 6092.

Present, All the Justices.

*H. Selwyn Smith, Commonwealth Attorney* and *Lytton H. Gibson* (*Gibson, Hix, Millsap & Hansbarger*, on brief), for the appellants.

*John F. Kay, Jr.* (*Ralph C. Louk, Commonwealth Attorney; John S. Davenport, III; Thomas E. Crosley, Jr.; Robert C. Fitzgerald; Denny, Valentine & Davenport*, on brief), for the Board of County Supervisors of Fairfax County.

*John W. Riely* (*Armistead L. Boothe; A. Hugo Blankinship, Jr.; E. Milton Farley, III; Richard G. Joynt; Boothe, Dudley, Koontz, Blankingship & Stump; Hunton, Williams, Gay Powell & Gibson*, on brief), for the Alexandria Water Company.

Gordon, J., delivered the opinion of the court.

This condemnation proceeding was instituted by Fairfax county. Subsequently, Prince William county filed a petition to intervene in

the proceeding as a party condemning.[1] This appeal is from an order denying that petition.

The present posture may be explained by a brief history of the litigation, including related proceedings brought before the State Corporation Commission.

On January 3, 1962, Fairfax county filed a petition in the circuit court of Fairfax county seeking to acquire by condemnation all properties owned by The Alexandria Water Company, located in Fairfax and Prince William counties, and used or useful in the operation of the Water Company's water works system.

The right of Fairfax county to condemn these properties was vigorously contested by the Water Company and by Prince William county, which had been permitted to intervene as a party defendant. (By order entered June 5, 1962, Prince William county was granted leave to intervene as a party defendant "to oppose the petition hereinbefore filed and to file its pleas, answer or other grounds of defense". The right of Prince William county to intervene as a party defendant for those purposes is not now challenged.)

The Water Company defended the petition for condemnation on the ground (among others) that Fairfax county had not obtained a certificate of public convenience and necessity from the State Corporation Commission and, therefore, had no right to institute and maintain the condemnation proceeding. The Water Company took the position that Code § 25-233 (Va. Code Ann. § 25-233 (Repl. vol. 1964)) required the issuance of such a certificate, since Fairfax county sought to acquire the water system for the benefit of the Fairfax County Water Authority.

Before the court ruled on this defense, the State Corporation Commission at the instance of the Water Company issued a declaratory judgment to the effect that the provisions of Code § 25-233 were applicable to the condemnation proceeding.

We reversed the order of the Commission. *Board of Supervisors v. Water Company*, 204 Va. 434, 132 S.E. 2d 440 (1963). We found that Fairfax county, and not the Fairfax County Water Authority, was the real party plaintiff in the condemnation proceeding, and held that the proceeding could be maintained by Fairfax county without a certificate from the Commission.

We pointed out that "[u]nder § 15-749 the power of the [Fairfax] Board to acquire by condemnation the properties here involved is

---

[1] The boards of supervisors of the two counties are the parties before the court, but for simplicity we will refer to the counties, rather than the boards.

unconditional".[2]    We rejected, moreover, the argument of the Water Company that, since Fairfax county proposed to transfer the properties to the Fairfax County Water Authority, the requested condemnation was not for a proper public purpose.

On July 3, 1964, Prince William county filed its petition for leave to intervene, as a party condemning, in the condemnation proceeding, praying that it be permitted to condemn the portion of the water works system located in Prince William county. It adhered to its previous position that condemnation of the system was not in the public interest. Nevertheless, it expressed the belief that, "since a condemnation . . . [had] been in effect approved by this Court [the Fairfax circuit court]," the best interests of the people of Prince William county would be served if it were permitted to condemn the facilities of the Water Company located in Prince William county, and if such facilities were operated by or under the control of Prince William county.

By the order entered September 23, 1964, from which this appeal was prosecuted, the court denied the petition of Prince William county "for the reason that Fairfax County having first filed a petition to condemn is entitled to priority in this respect, over Prince William County, and, therefore, Prince William County, as a matter of law, may not now appear as a party condemning."

The issue, then, is whether the court was correct in applying the rule of first in time, first in right. Prince William county contends that the court should have permitted it to intervene as a party condemning and, after hearing evidence, should have determined, by the application of equitable principles, which county had the superior right to acquire the portion of the water system located in Prince William county.

The lower court applied the general rule that, where two persons[3] would otherwise have equal right to condemn the same property, the right of the person who first institutes condemnation proceedings is superior—that is, the institution of condemnation proceedings by one such person precludes the right of the other person to condemn the same property. *Connolly* v. *Des Moines & Cent. Iowa Ry. Co.*, 246 Iowa 874, 68 N.W. 2d 320 (1955); *City of Chehalis* v. *City of Centralia*, 77 Wash. 673, 138 Pac. 293 (1914).

[2] Va. Code Ann. § 15-749 (Supp. 1960), now Va. Code Ann. § 15.1-335 (Repl. vol. 1964).

[3] The references to "persons" and "person" are not to individuals, but to political subdivions or public service corporations.

In its brief, Prince William county recognizes this general rule, but seeks to avoid the rule on the ground that it "has heretofore been utilized, for all practical purposes, exclusively in contests...between...utility companies". But the rule has been applied in cases of contests between political subdivisions. *City of Chehalis* v. *City of Centralia, supra.* We see no reasonable basis, moreover, for distinguishing contests between public utilities from contests between political subdivisions.

In its brief, Prince William county cites only one case, *Village of Richmond Hts.* v. *Board of County Com'rs*, 112 Ohio App. 272, 166 N.E. 2d 143 (1960), that supports the application of equitable principles to determine the relative rights of two political subdivisions to acquire and retain the same property. The village brought suit in equity to enjoin the county from condemning land previously purchased by the village for alleged public purposes—municipal buildings and a park. The court, having found that the village and the county had "equal rights to appropriate property for public purposes", refused to give priority to the village merely because it had acquired the property first.

The court noted that equity should "balance the relative conveniences of the parties" in granting or denying an injunction. It found that the complainant-village had failed to show a clear right to an injunction with respect to the portion of the land intended for use as a park; nor had the village shown that, if the county were permitted to condemn the land intended for use as a park, the injury to the village would exceed the injury that would be inflicted upon the county if it were denied the right to acquire the land for extension of the county's existing airport facilities. An injunction was issued prohibiting the county from proceeding with the condemnation of the portion of the land dedicated by the village for municipal buildings, leaving the county free to condemn the other portion.

One of the three judges who sat in the case filed a concurring opinion, in which he agreed with the result but disagreed with the reasoning of the majority. He was of opinion that a court of equity should not " 'compare and weigh the greater or more paramount necessity of the conflicting appropriations,' nor...[should] it 'make an equitable adjustment of the rights of the contending parties.' " (112 Ohio App. 272, 292, 166 N.E. 2d 143, 157). The court, he said, should have confined its inquiry to the question whether all or part of the land owned by the village had been devoted to a public use. He agreed with the holding of the majority because the village

had not shown that the land, except for the portion to be used for municipal buildings, was held by the village with a bona fide intention of use for recreational purposes within a reasonable time.

*Village of Richmond Hts.*, unlike the present case, involved the right of one political subdivision to condemn property owned by another political subdivision. Insofar as that case may be relevant here, we find the reasoning of the concurring judge—that the relative necessity of the conflicting appropriations should not be weighed, nor an equitable adjustment of the rights of the parties made—consonant with Virginia practice and procedure.

We hold that the lower court was correct in applying the rule of first in time, first in right in this case, and in refusing to determine the issue by the application of equitable principles. In fact, the Virginia condemnation statutes preclude a holding that the lower court should have applied equitable principles.

Equity is not the proper forum for condemnation proceedings. Such proceedings should be maintained on the common law side of the court. See *Brown* v. *May*, 202 Va. 300, 117 S.E. 2d 101 (1960); *Dove* v. *May*, 201 Va. 761, 113 S.E. 2d 840 (1960).[4]

Jurisdiction and procedure, as well as the scope of the inquiry, in condemnation cases are controlled by statute. Title 25 of the Code captioned "Eminent Domain" [5] confers jurisdiction upon certain courts to entertain petitions for condemnation and sets forth in specific terms the procedure to be followed and the issues to be determined.

Prince William county asks us to read into the statutes an authorization for the condemnation court to determine the relative rights of two competing condemnors by the application of equitable principles. In effect, it is asking us to interpret the condemnation statutes as authorizing the court to determine whether the greater

[4] Fairfax county instituted this proceeding by filing a petition for condemnation as required by Va. Code Ann. § 25-8 (1950), now Va. Code Ann. § 25-46.7 (Repl. vol. 1964), not by filing a bill of complaint. The clerk issued a proof of service in the form prescribed under our Rule 2:5 for a return showing service of a subpoena in chancery, on which he identified the proceeding as "CHANCERY NO. 16514". Later, Fairfax county moved the court to transfer the proceeding from the equity to the law side of the court, which motion was opposed by the Water Company. The court denied the motion, but gave Fairfax county leave to renew the motion before any hearing before the commissioners. Upon remand, the proceeding should be transferred to the law side of the court.

[5] This proceeding was filed pursuant to and is governed by Chapter 1 of Title 25 of the Code (Va. Code Ann. §§ 25-1 through 25-46 (1950)). Chapter 1 of Title 25 was repealed and reenacted as Chapter 1.1 of Title 25 (Va. Code Ann. §§ 25-46.1 through 25-46.34 (Repl. vol. 1964)).

public convenience and necessity would be promoted by the condemnation of part of the water works system by Fairfax county or by Prince William county.

There is no statutory provision that authorizes a Virginia court to determine whether the person who has filed a petition for condemnation is the most appropriate person to acquire the property sought to be condemned. The issues properly before the circuit court in this proceeding were whether Fairfax county had the authority to condemn the properties of the Water Company, whether the proposed taking was for a public use, and whether the county had complied with the requirements of Chapter 1 of Title 25 of the Code (see footnote 5). There is no statute that would have authorized the court to deny the prayer of the petition upon a finding that the greater public interest would be served by the continued ownership and operation of the water system by the Water Company.[6] Nor is there any statute that would have authorized the court to determine, by applying equitable principles or determining the greater public convenience and necessity, whether a portion of the water system should be owned and operated by Fairfax county or Prince William county.

Two cases decided by the Supreme Court of Washington illustrate the necessity of statutory authority to enable a court to determine, upon the basis of the greater public benefit, the relative rights of competing condemnors. In *City of Chehalis* v. *City of Centralia, supra,* 77 Wash. 673, 138 Pac. 293 (1914), the court applied the rule of first in time, first in right; but in *State ex rel. Kennewick Irr. Dist.* v. *Superior Court for Walla Walla County,* 118 Wash. 517, 204 Pac. 1 (1922), the court decided in favor of the condemnor who had proved that its condemnation of the property would result in the greater public benefit. The statutes governing the condemnation proceeding in *Chehalis* contained no provision authorizing the court to weigh the public benefit; but when *Kennewick* was decided, the governing statutes had been amended so as to provide: "In condemnation proceedings, the court shall determine what use will be

---

[6] The State Corporation Commission is authorized to determine the dominant public interest in connection with certain condemnation proceedings. Under Code § 25-233, a corporation cannot condemn property belonging to another corporation possessing the power of eminent domain unless the condemning corporation has obtained a certificate of public convenience and necessity from the State Corporation Commission (but in no event can a corporation condemn property owned by and essential to the purposes of another corporation possessing the power of eminent domain). As already pointed out, however, Code § 25-233 is not applicable to this condemnation proceeding. *Board of Supervisors* v. *Water Company, supra.*

for the greatest public benefit, and that use shall be deemed a superior one." It should be noticed that the court in *Kennewick* did not determine the issue by applying principles gratuitously borrowed from equity, but followed the statutory mandate that the greater public benefit be determined.

Not only do the Virginia statutes fail to give authority for a condemnation court to determine the substantive question of greater public benefit, they do not even provide for intervention as a party condemning. Code § 25-42 (Va. Code Ann. § 25-42 (1950)), in effect when this proceeding was instituted, and Code § 25-46.16 (Va. Code Ann. § 25-46.16 (Repl. vol. 1964)) provide for intervention only as a party defendant.

For the reasons assigned, the order is

*Affirmed.*