**CONTINENTAL CASUALTY COMPANY, Plaintiff,**

v.

**TOWN OF BLACKSBURG, Defendant.**

Civ. A. No. 92–0854–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

March 16, 1994.

William B. Hopkins, Jr., Martin, Hopkins & Lemon, P.C., Roanoke, VA and Elliott R. Feldman and Steven L. Smith, Cozen & O'Connor, Philadelphia, PA, for plaintiff.

David B. Hart, Gary E. Tegenkamp, Peter Duane Vieth, Wooten & Hart, Roanoke, VA

and Richard Boucher Kaufman, Blacksburg, VA, for defendant.

## MEMORANDUM OPINION

TURK, District Judge.

### I.

This action was filed by Continental Casualty Company ("Continental") as subrogee of Virginia Polytechnic Institute and State University ("Virginia Tech" or "VPI") seeking recovery for property damage losses paid to its insured, VPI, as a result of a storm and subsequent flooding. Plaintiff's amended complaint sought relief on theories of negligence, nuisance and taking. By order entered June 1, 1993, this court granted defendant's partial motion for summary judgment on the negligence and nuisance claims, finding that Blacksburg had statutory immunity under Va.Code § 15.1–31, 846 F.Supp. 483. Presently before the court is Blacksburg's motion for summary judgment based on the takings claim.

Plaintiff alleges that Blacksburg's storm drainage system caused flooding of Virginia Tech's property following a heavy rainstorm on May 14, 1992. Plaintiff alleges this single, temporary flooding constituted a compensable taking by Blacksburg of property from Virginia Tech. The takings clause of article I, § 11 of the Virginia Constitution applies on its face only to private property.[1] This also appears to be true of Va.Code § 15.1–31(b).[2] Plaintiff argues, however, that since the second reference to takings in § 15.1–31(b) uses the phrase "any lands of any other person" rather than "private property," then under the circumstances there enumerated, *i.e.*, if Blacksburg's construction of a dam or levee to impound or control fresh water caused tidal erosion, flooding or inundation of VPI's property, the use of public property for public purposes would constitute a compensable taking. The court cannot agree.

### II.

■ It is axiomatic that the Commonwealth of Virginia cannot take property from itself. Nor can an entity of the state take property already owned by the state. Allocation of the use of the state's real property among the various entities of the state is a legislative matter invested in the General Assembly. *See* Va.Code § 25–46.6(a) (condemnation of state university lands not allowed except by the consent of the General Assembly).

■ Va.Code § 23–14 declares that VPI is a public body constituted as a governmental instrumentality for the dissemination of education.[3] Va.Code § 2.1–504.1(b) states that "[a]ll interests in property conveyed to any department, agency or institution of the Commonwealth.... shall be the property of

---

1. Va. Const. art. I, § 11 provides:

   That no person shall be deprived of his life, liberty, or property without due process of law; that the General Assembly shall not pass any law impairing the obligation of contracts, nor any law whereby *private* property shall be taken or damaged for public uses, without just compensation, the term "public uses" to be defined by the General Assembly; ...

2. Section 15.1–31(b) of the Virginia Code provides:

   The General Assembly hereby withdraws the right of any person, firm, corporation, association or political subdivision to bring, and prohibits the bringing of, any action at law or suit in equity against any county, city or town because of, or arising out of, the design, maintenance, performance, operation or existence of such works ... but this provision shall not be construed to authorize the taking of private property without just compensation therefor and provided further that the tidal erosion, flooding or inundation of any lands of any other person by the construction of a dam or levee *to impound or control fresh water* shall be a taking of such land within the meaning of the foregoing provision.

3. The principle that state colleges in Virginia are arms of the state government has been recognized in numerous cases. *See, e.g., Gargiulo v. Ohar,* 239 Va. 209, 387 S.E.2d 787, 788 (1990) (Virginia Commonwealth University is a governmental instrumentality for purposes of sovereign immunity); *James v. Jane,* 221 Va. 43, 282 S.E.2d 864, 868 (1980) ("[N]o one questions the fact that [the University of Virginia] is entitled to the immunity of the state."); *Lawhorne v. Harlan,* 214 Va. 405, 200 S.E.2d 569, 670 (1973) (University of Virginia hospital is "an organ of the state"); *Richard Anderson Photography v. Radford Univ.,* 633 F.Supp. 1154, 1158 (W.D.Va. 1986) ("[I]t is quite clear in Virginia that state colleges and universities constitute 'arms of the state' for purposes of the Eleventh Amendment.").

**488**

the Commonwealth." Therefore, VPI's property is property of the state. The Town of Blacksburg is a municipal corporation formed under and existing pursuant to the laws of the Commonwealth of Virginia. A municipal corporation is a subordinate agency of the state.[4] It is illogical for a state to "take" property from itself and then owe itself compensation; therefore the court finds that the takings provision of Va.Code § 15.1–31(b) applies only to private property taken for public use. Virginia Tech has no cause of action under either Va.Code § 15.1–31(b) or art. I, § 11 of the Virginia Constitution.

### III.

Defendant also argues (1) that plaintiff has not alleged that the flooding was caused by "the construction of any dam or levee to impound or control fresh water," and therefore could not recover even were the second reference to takings in § 15.1–31 applicable to public property; (2) that plaintiff's takings claim must fail because the storm giving rise to the claim was unusual, unplanned and unintentional; and (3) that plaintiff's claim must fail because plaintiff has no ownership interest in the property in question at the time of the alleged taking. As the court finds that the Town of Blacksburg cannot take public property, it need not reach these issues. An appropriate order shall be entered this day.

### *FINAL ORDER*

In accordance with the written Memorandum Opinion entered this day it is hereby **ADJUDGED AND ORDERED** that defendant's motion for summary judgment is **GRANTED** and this case is struck from the active docket of the court.

---

4. *See York Co. v. Peninsula Airport Comm'n,* 235 Va. 477, 369 S.E.2d 665, 666 (1988) (municipal corporations are "political subdivisions of the state"); *Southern Ry. Co. v. City of Danville,* 175 Va. 300, 7 S.E.2d 896, 898 (1940) (A municipal corporation "is but an arm or agency of the State.").