# CIRCUIT COURT OF LOUDOUN COUNTY

Town of Purcellville

v.

Loudoun County
Board of Supervisors
and 60.35 acres, more or less,
in fee simple, being a portion
of a larger tract situated along
36875 Alder School Road,
Loudoun County, Virginia,
Tax Map Nos. 35//21-1 and 35//21-2,
MCPI No. 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-001

December 5, 2007

Case No. CL 45351

BY JUDGE THOMAS D. HORNE

On May 4, 2007, the Town of Purcellville commenced the instant proceedings in condemnation. The land sought to be condemned consists of 60.35 acres, more or less, of undeveloped property currently owned by the County. This property is part of a larger tract known as the "Fields Farm" and is situated at 36875 Alder School Road, Loudoun County, Virginia. It is the stated purpose of the Town to condemn the property for the "extension, enlargement, expansion, protection, and improvement of the Town waterworks system and for the preservation of the health, safety, peace, good order, comfort, convenience, and welfare of the Town's residents."

418

It is unquestioned that the Town has been empowered by the General Assembly to acquire property outside the limits of the Town for the improvement of the waterworks system. Va. Code Ann. §§ 15.2-1800(A), 15.2-1800(C), 15.2-1901, 15.2-1901.1, 15.2-1907, and 15.2-2109(A) and Title 25.1. However, by way of demurrer and plea in bar, the defendant Board of Supervisors of Loudoun County challenges the exercise of the power of eminent domain by the Town to acquire publicly owned lands in the County. In addition, the Board asserts procedural defaults in the petition and in required conditions precedent to the acquisition. These alleged imperfections in the way in which this case was instituted need not be addressed in detail in light of the finding by this Court that the Town may not exercise the power of eminent domain to acquire public lands owned by the County absent express legislative grant.

The Constitution expressly provides that the General Assembly may not pass any law, "whereby private property shall not be taken or damaged for public uses, without just compensation." Va. Const., Art. I, § 8. Although it may be argued that the taking of public lands, if expressly authorized by the General Assembly, would not violate Constitutional mandate, that is not the case. No such express authorization has been granted towns in Virginia to acquire county land through the exercise of the power of eminent domain.

The power of localities is circumscribed in Virginia by the application of the Dillon Rule. In their papers filed in response to the plea and demurrer, the Town suggests:

[t]he General Assembly may grant the power to "condemn any property for a public use or it may place restrictions upon the power, the manner of its exercise, or the character of the property that it may or may not be taken as it pleases, and when such restrictions are imposed they must be obeyed." *School Board of the City of Harrisonburg v. Alexander*, 126 Va. 407, 412, 101 S.E.2d 349, 351 (1919). The grant of authority to take "any land" is a broad one. *Id.* If the General Assembly intended to restrict taking of public property generally, it would have done so. Rather, the General Assembly placed only a narrow prohibition on the Town's condemnation authority – that it may not take public utilities of other political subdivisions of the Commonwealth. This sole limitation is inapplicable here and does not prohibit the acquisition of the Property pursuant to the broad authority granted the Town to condemn for its own utility purposes. When the statutes addressing the Town's authority to

acquire land outside its boundaries for public use are read in harmony with one another, it is apparent that: (i) the Town may acquire real property for public use outside of its boundaries (Code § 15.2-1800); (ii) such acquisition can be accomplished through condemnation (Code § 15.2-1901.1); and (iii) the Town can acquire whatever, any, and so much land as necessary for its waterworks systems (Code §§ 15.2-1901, 15.2-1907, and 15.2-2109). Thus the Town has statutory authority to support its condemnation of the Property.

While the issue of the equities of the uses to be served by annexation may not be an appropriate subject for consideration of the instant Plea and Demurrer, it is interesting to note that, should the Court agree with the position of the Town, the Town suggests the power described in their papers is one that would hypothetically permit the Town of Leesburg to condemn the courthouse grounds for a water tower.

Virginia has, in the past, recognized a "first in time, first in right" approach to determining which of two competing condemning localities might proceed to acquire a contested property for public use. *Prince William v. Fairfax*, 206 Va. 730 (1966). The Supreme Court of Virginia has expressly rejected application of equitable principles or a "paramount purpose" test that would permit a court to weigh the public interests for which condemnation is sought. *Id. Cf. e.g. Guadalupe-Blanco River Auth. v. Canyon Regional Water Auth.*, 211 S.W.3d 351 (2006). In like manner, rejection by the Supreme Court of Virginia of the application of equitable principles where one locality seeks to condemn public lands owned by another would bar the use by this court of an exception to the general rule, recognized by some courts, that "where the new use is not inconsistent with the old use, one municipality may condemn the land of another municipality." *Village of Amityville v. Suffolk County*, 132 N.Y.S.2d 845, 846 (1954) (authority omitted).

Contrary to the position of the Town, the Court finds that the power of eminent domain as an attribute of sovereignty must be the subject of express grant. It may not be inferred from words of limitation, such as referenced in the papers of the Town.

The Dillon Rule of statutory construction would limit the ability of local governments to exercise only those powers expressly granted, those that are necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable. *Ticonderoga Farms v. County of Loudoun*, 242 Va. 170 (1991). The General Assembly has made no express legislative grant to local government to take publicly owned lands of the Commonwealth or any of its political subdivisions.

Eminent domain is an inherent and necessary attribute of sovereignty, existing independently of constitutional provisions and superior to all property rights. The power of eminent domain lies dormant in the sovereign until legislative action is had pointing out the occasion, modes, agencies, and conditions for its exercise. 29A C.J.S., *Eminent Domain*, § 4. The general rule is that a condemnor to whom the right of eminent domain has been delegated may not condemn public property unless authority is expressly or impliedly granted by statute. 29A C.J.S., *Eminent Domain*, § 61.

While the General Assembly may provide for the exercise of the power of eminent domain under the facts of this case, it has not expressly done so. *Richmond, F. & P. RR. v. Johnston*, 103 Va. 456 (1905).

In a subrogation claim by an insurer against the Town of Blacksburg for damages flowing from flooding resulting from the storm drainage system of the Town, an action was commenced pursuant to Va. Code Ann. § 15.1-31(b) (now § 15.2-970) for inverse condemnation. In denying liability, the Court noted that:

> it is axiomatic that the Commonwealth of Virginia cannot take property from itself. Nor can an entity of the state take property already owned by the state. Allocation of the use of the state's real property among the various entities of the state is a legislative matter invested in the General Assembly . . . VPI's property is property of the state. The Town of Blacksburg is a municipal corporation formed under and existing pursuant to the laws of the Commonwealth of Virginia. A municipal corporation is a subordinate agency of the state. It is illogical for a state to "take" property from itself and then owe itself compensation; therefore, the court finds that the takings provisions of § 15.1-31(b) or Art. I, § 11, of the Virginia Constitution . . . the Court finds that the Town of Blacksburg cannot take public property. . . .

Continental Casualty Co. v. Town of Blacksburg, 846 F. Supp. 486, 487, 488 (W.D. Va. 1994).

One applying the Dillon Rule to the exercise of the power of local government looks upon sovereignty as a hierarchical concept. Thus, the Federal government may by statute condemn any lands, public or private in Virginia. Va. Code Ann. § 7.1-18.1. In that the town and the county are both subordinate, albeit equal, agencies of the Commonwealth, neither is, unless expressly authorized by the General Assembly, capable of exercising the

power of eminent domain over the lands of the other. Moreover, "statutes confirming the power of eminent domain must be strictly construed, and a locality must comply fully with the statutory requirements when attempting to exercise this right." *Hoffman Family, L.L.C. v, City of Alexandria*, 272 Va. 274, 283 (2006) (authorities omitted); See generally, 26 Am. Jur. 2d, *Eminent Domain*, § 14.

A Town may, by express legislative grant, acquire by lease, purchase, or eminent domain property outside its boundaries for the provision of a waterworks system. Va. Code Ann. §§ 15.2-1800, 15.2-2109, 15.2-2115. In such cases, the town is subject to the scrutiny of the State Corporation Commission . . . to the same extent as are corporations, unless otherwise provided by § 15.2-1906 or § 15.2-2146 [of the Virginia Code]." However, no such review by the State Corporation Commission is implicated in this case. The County of Loudoun, whose property is sought to be condemned, is not a corporation exercising the power of eminent domain. The provisions of Va. Code Ann. § 25.1-102 would only apply in the event it was such a corporation. The Town simply does not have the power to condemn the property presently owned by the County as a proposed school site and no reference to the State Corporation Commission is indicated.

Defendants also suggest a procedural default in the failure of the plaintiff to plead compliance with Va. Code Ann. § 15.2-2143, that is, to have the matter referred to a three-judge special court. In that the instant case involves the proposed condemnation of lands currently owned by the County as an intended school site, the Town lacks the authority to condemn the land in the first instance, thereby rendering the convening of a Special Court unnecessary to the issue presented.

Similarly, this is not an instance where the Town and County are competing to acquire the same property by eminent domain. Were this the case, a three-judge special court would decide the conflict. However, the County already owns the property.

Accordingly, the Court will sustain the Plea in Bar and dismiss the petition in condemnation.