## Staunton

BOARD OF COUNTY SUPERVISORS OF FAIRFAX COUNTY v. THE ALEX-
ANDRIA WATER COMPANY.

FAIRFAX COUNTY WATER AUTHORITY v. THE ALEXANDRIA WATER
COMPANY.

September 11, 1963.

Record Nos. 5595, 5596.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

The opinion states the case.

*Collins Denny, Jr.* and *John F. Kay, Jr.* (*Robert C. Fitzgerald;*
*Ralph G. Louk, Commonwealth's Attorney for Fairfax County;*
*Denny, Valentine & Davenport,* on brief), for appellant, Board of
County Supervisors of Fairfax County.

(*William C. Bauknight; Bauknight, Prichard, McCandlish & Williams,* on brief), for appellant, Fairfax County Water Authority.

*Armistead L. Boothe* and *John W. Riely* (*E. Milton Farley, III;*
*W. Tayloe Murphy, Jr.; Boothe, Dudley, Koontz & Blankingship;*
*Hunton, Williams, Gay, Powell & Gibson,* on brief), for the appellee.

*H. Selwyn Smith,* for the County of Prince William.

*V. Floyd Williams,* for the City of Alexandria, *amicus curiae.*

EGGLESTON, C. J., delivered the opinion of the court.

The Commonwealth of Virginia at the relation of The
Alexandria Water Company, hereinafter called the "Water Company," filed with the State Corporation Commission an application
for a declaratory judgment against the Board of County Supervisors
of Fairfax county, hereinafter called the "Board," and the Fairfax County Water Authority, hereinafter called the "Authority."
It was alleged that the Board had instituted in the Circuit Court of
Farifax county a proceeding to acquire by condemnation the properties of the Water Company in Fairfax and Prince William counties; that the Board had announced publicly that the condemnation

proceeding was being prosecuted on behalf of the Authority, to which the properties would be conveyed and by which they would be operated; that in bringing such condemnation proceeding the Board was not acting in its own behalf but rather as the agent or nominee of the Authority; that such action was designed to evade the jurisdiction of the Commission and allow the Authority to acquire the properties of the Water Company without obtaining the permission of the Commission to do so; and that the Water Company had no adequate remedy other than before the Commission.

The application asked that the Commission declare that the Board is the agent and nominee of the Authority and that the latter is the real party plaintiff in the condemnation proceeding; that in such proceeding the Board must comply with the statutes applicable to the Authority in the condemnation of the properties of the Water Company; that the Board cannot maintain the condemnation proceeding unless and until the Commission shall determine that a public necessity or essential public convenience shall so require and give its permission thereto; that neither a public necessity nor an essential public convenience requires the permission of the Commission to such condemnation; and that such permission should be denied.

The Board filed a demurrer, motion to dismiss and an answer to the application for a declaratory judgment. The motion to dismiss was based upon the grounds, among others, that the Commission had no jurisdiction over the Board in the declaratory judgment proceeding; that the Commission had no jurisdiction to determine, and should not determine, whether the Board could maintain the condemnation proceeding without the permission of the Commission, because that issue was already pending in the Circuit Court of Fairfax county at the time of the institution of the declaratory judgment proceeding; and that the Water Company had an adequate remedy for the determination of such issue in the condemnation proceeding.

By its answer the Board denied the allegation of the Water Company that in bringing the condemnation proceeding the Board was not acting in its own behalf but rather as the agent or nominee of the Authority. It likewise denied that its action was designed to evade the jurisdiction of the Commission and permit the Authority to acquire the properties of the Water Company contrary to the statutes of Virginia.

The Authority also filed a motion to dismiss the application for a declaratory judgment.

The Board of Supervisors of Prince William county was permitted to intervene in the declaratory judgment proceeding.

After a hearing the Commission entered an order overruling the Board's demurrer and its and the Authority's motions to dismiss. The Commission found and adjudicated "that Fairfax County Water Authority is the real party plaintiff in the proceeding pending in the Circuit Court of Fairfax county to acquire by eminent domain the properties of The Alexandria Water Company located in Fairfax and Prince William counties * * * and is prosecuting the proceeding in the name of the Board of Supervisors of Fairfax county," and that the Authority "cannot maintain a condemnation proceeding either in its own name or in the name of the Board of Supervisors of Fairfax county to acquire said public utility properties without obtaining the permission of the State Corporation Commission so to do pursuant to the provisions of § 15-764.12 of the Code."

The Commission further held and adjudicated that it had jurisdiction to hear and determine the case and render a declaratory judgment therein.

From this interlocutory order of the Commission the Board and the Authority have appealed, pursuant to Code, § 12-63.1. *Jones* v. *Rhea*, 130 Va. 345, 359, 107 S. E. 814. Pending the outcome of this appeal the Commission postponed a decision on the issue of whether public necessity or convenience requires its permission to the condemnation proceeding.

In their assignments of error the Board and the Authority contend: (1) that the Commission erred in holding that the Authority is the real party plaintiff in the condemnation proceeding in the Circuit Court of Fairfax county and is prosecuting such proceeding in the name of the Board of Supervisors of the county; that it further erred in holding that such proceeding cannot be maintained unless and until the Authority obtains the permission of the Commission to do so, pursuant to Code, § 15-764.12; (2) that the Commission erred in taking jurisdiction of the application for declaratory judgment, because, they say, the main issue presented in the declaratory judgment proceeding had theretofore been presented and was pending in the condemnation proceeding in the Circuit Court of Fairfax county.

In a cross-assignment of error the Water Company contends that the Commission erred in refusing to determine that there was no public necessity or essential public convenience for the condemna-

tion by the Authority, either directly or in the name of the Board, and in failing to deny its permission for such condemnation.

The facts are not disputed. The Board of County Supervisors of Fairfax county is the governing body of the county. The powers of the county as a body politic and corporate are vested in such Board. (Code, § 15-273, as amended.) The Fairfax County Water Authority is a public body politic and corporate, created under the provisions of the Virginia Water and Sewer Authorities Act, as amended (Code, ch. 22.1, § 15-764.1 *ff.*), pursuant to a resolution of the Board, and chartered by the State Corporation Commission on September 26, 1957. By an amendment to its charter, effective on April 14, 1959, the purposes of the Authority were stated to include "the acquisition, construction, operation and maintenance of water systems, sewer systems and sewage disposal systems located within Fairfax County or partly within and partly without the County."

Since its organization the Authority has acquired three water systems and entered into a contract for the acquisition of the fourth. It is contemplated that it will operate the county's water supply system after it has been established.

The Alexandria Water Company is a Virginia public service corporation providing water service to the public in the city of Alexandria and in portions of the counties of Fairfax and Prince William. From 1958 until early in 1961 the Authority had unsuccessfully negotiated with the Water Company in the effort to purchase its facilities in these counties.

On August 9, 1961, the Board adopted a resolution expressing its intention to acquire these properties of the Water Company either by purchase or condemnation. By a resolution, adopted on the same day, the Board was authorized to enter into a written agreement with the Authority providing that if and when the county acquired such properties of the Water Company it would sell them to the Authority, and the latter would purchase them, at the cost and expense of their acquisition by the county. Pursuant to this resolution, and on the same day, that agreement was executed.

The Water Company having declined the county's offer to purchase the properties, the Board authorized the Commonwealth's attorney to institute condemnation proceedings against the Water Company to acquire such properties. On January 3, 1962, the Board filed in the Circuit Court of Fairfax county a condemnation proceeding for that purpose.

Neither the county nor the Authority has on hand sufficient funds to pay the cost of the acquisition of the properties in the condemnation proceeding. The record shows that the Authority intends to issue and sell its revenue bonds for this purpose.

On April 6, 1962, the Water Company filed in the condemnation proceeding certain pleas to the jurisdiction of the court. The first of these was that "The petitioner [that is, the Board of Supervisors] has failed to obtain a Certificate of Public Necessity or Essential Public Convenience from the State Corporation Commission of Virginia, which Certificate is a condition precedent to the right to institute this proceeding because the petitioner is seeking to condemn the interests or estates of the respondent [the Water Company] for the use and benefit of the Fairfax County Water Authority."

On April 9 the Water Company filed its application for a declaratory judgment with the Corporation Commission and on the same day moved the Circuit Court of Fairfax county to continue the condemnation proceeding pending the outcome of the declaratory judgment proceeding. Although that motion was overruled, the condemnation proceeding was suspended pending the hearing of the declaratory judgment proceeding by the Commission and the prosecution of this appeal.

In its written opinion the Commission reasoned that although the Board is not required to obtain its permission to condemn the Water Company's properties, such permission is required of the Authority under Code, § 15-764.12 (f), as amended; that since the Authority is a subsidiary corporation of the Board, created for the purpose of acquiring and operating these and other properties constituting its water system, and since the Board and the Authority have entered into an agreement providing that the property sought to be acquired from the Water Company will be transferred to the Authority for operation by the latter, it thus appears that the Authority is the real plaintiff in the condemnation proceeding and that such proceeding cannot be maintained unless and until the *Authority* obtains from the Commission its permission to do so. We do not agree with that holding.

Code, § 15-749, as amended by Act of 1958, ch. 401, p. 534, gives to the Board the clear and unconditional power to acquire by condemnation these properties of the Water Company. It provides: "For the purpose of making provision for an adequate water supply or of acquiring, maintaining or enlarging a water works system, * * * the board of supervisors of every county having a population of

more than five hundred per square mile, and the board of supervisors of every county adjoining such a county [which admittedly includes Fairfax county], * * * shall have the power to acquire, * * * by purchase, condemnation, lease or otherwise, the property * * * of any private or public service corporation operating a water works system * * *."

Section 15-754 provides that in such a condemnation proceeding the provisions of § 25-233, requiring a certificate from the State Corporation Commission of the public necessity or essential public convenience for such a proceeding, and the permission of the Commission thereto, shall not apply.

Under § 15-764.12(f), as amended, the Authority is given the same power of eminent domain as provided in § 15-749, except that it shall not take by condemnation proceedings any property belonging to any corporation possessing the power of eminent domain, such as the Water Company, unless the Commission "shall certify that a public necessity or that an essential public convenience shall so require, and shall give its permission thereto."

By § 15-764.31 of the Virginia Water and Sewer Authorities Act (Acts 1950, ch. 577, p. 1330), the Board is given the power to convey to the Authority the properties which it may acquire from the Water Company. The pertinent portion of this section reads: "Each county, municipality and other public body is hereby authorized and empowered: (a) to convey or lease to any Authority created hereunder, with or without consideration, any water system * * * upon such terms and conditions as the governing body thereof shall determine * * *."

The language of these statutes is plain and unambiguous. Under § 15-749 the power of the Board to acquire by condemnation the properties here involved is unconditional. That it may do so without the permission of the Commission is clearly stated. The power of the Board to convey to the Authority the properties thus acquired is likewise unconditional. There is no requirement in these statutes, or others, that if the property sought to be acquired by the Board is to be transferred to an authority for operation such condemnation proceeding may not be instituted by the Board unless and until such *authority* obtains from the Commission its permission to do so. To require such permission, as the Commission holds, is to write into the statutes a condition and qualification which are not found therein.

■ Nor do we agree with the Commission's denominated "finding of fact" that the Authority and not the Board is the "real party plaintiff" in the condemnation proceeding.

The charter of the Authority and the statute authorizing its creation (Code, § 15-764.1 *ff.*) show that the Board is the principal and the Authority is its agent. Since the manifest purpose of the acquisition of these properties and their transfer to the Authority is to provide an adequate water supply for the county and its inhabitants, it is plain that the Board, or the county, that is, the principal, and not the Authority, the agent, is the real party in interest in the condemnation proceeding. The fact that the Board will later convey these properties to the Authority for operation as a part of the county water system does not change the relationship of the parties. Nor is the Board's power to condemn in any wise diminished by its right to transfer them to the Authority.

■ The Water Company argues that the fact that the properties to be acquired in the condemnation proceeding are thereafter to be transferred to the Authority shows that the condemnation is not for a proper public purpose. The ready answer to this contention is that the Authority is "a public body politic and corporate," created for the purpose of acquiring and operating water systems for the public (Code, § 15-764.3), and "deemed to be an instrumentality exercising public and essential governmental functions to provide for the public health and welfare." (Code, § 15-764.12, as amended.) Thus, it is clear that the Authority is created and designed for a public purpose.

The fact that the Board seeks to condemn the properties of the Water Company and proposes to convey them to the Authority for operation by the latter does not detract from the public purpose of the condemnation which is to provide an adequate water system for the county and its inhabitants. *Harrison* v. *Day*, 202 Va. 967, 973, 974, 121 S. E. 2d 615, 619, 620 (the second Ports Authority case). See also, *City of Trenton* v. *Lenzner*, 16 N. J. 465, 109 A. 2d 409, in which it was held that the condemnation by the city of Trenton of certain property for a public parking facility and the conveyance of the property by the city to a parking authority for operation for that purpose constituted a public use.

■ In its opinion the Commission questions the wisdom of the proposed method of financing the cost of the acquisition of the properties. It points out that the issuance and sale of revenue bonds by the Authority, without a referendum, in effect bypasses the pro-

visions of § 115-a of the Constitution and Code, 1960 Cumulative Supplement, § 15-666.28 (Acts 1958, ch. 640, p. 954), which require approval by the qualified voters before a county may contract a debt of this character.

It is well settled that in a condemnation proceeding the court is not concerned with the source of the funds with which the condemnor is to pay for the property. This is so because the financial interest of the landowner is adequately protected if he receives just compensation for his land taken for a public use. *Light* v. *City of Danville*, 168 Va. 181, 196, 197, 190 S. E. 276, 282; 29 C. J. S., Eminent Domain, § 228, p. 1188.

We hold that, as a matter of law, the Board of County Supervisors is the real party plaintiff in the eminent domain proceeding pending in the Circuit Court of Fairfax county to acquire the properties of the Water Company and that such proceeding may be maintained by the Board without the permission of the State Corporation Commission, granted either to the Board or to the Authority.

Accordingly, the order appealed from is reversed and the case remanded to the State Corporation Commission with directions that it enter an order to that effect.

Having reached this conclusion it is not necessary that we pass upon the appellants' assignment of error that the Commission erred in taking jurisdiction of the application for a declaratory judgment while the question which we have now decided was pending in the Circuit Court of Fairfax county. What we have said disposes of the assignment of cross-error by the Water Company.

*Reversed and remanded.*