## CIRCUIT COURT OF FAIRFAX COUNTY

Rebecca R. Stover

v.

Keystone Builders, Inc., et al.

August 9, 1993

Case No. (Law) 121244

By Judge Jane Marum Roush

This case comes before the Court on a plea in bar filed by defendant Fairfax County Water Authority (FCWA). After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the plea in bar is overruled.

The facts underlying this case are set out in the pleadings and memoranda filed by the parties. Plaintiff Rebecca Stover was injured when she fell into a manhole on a sidewalk near a construction site. The manhole cover was broken and had been covered, according to the plaintiff, with "a piece of thin and flimsy fiberboard" unable to sustain her weight. Plaintiff has filed suit against both the builder and FCWA, which has filed this plea in bar alleging sovereign immunity.

The doctrine of sovereign immunity, described by the Virginia Supreme Court as "alive and well" in Virginia, serves a number of purposes. *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984). Among these are protection of the public purse, providing for smooth operation of government, and ensuring that citizens are not deterred from public service by fear of liability. *Id.* As the case law demonstrates, however, sovereign immunity does not apply uniformly to all governmental agents. *See, e.g., Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991); *County of York v. Peninsula Airport Comm'n*, 235 Va. 477, 369 S.E.2d 665 (1988); *Mann v. County Bd.*, 199 Va. 169, 78 S.E.2d 515 (1957). The general rule in Virginia is that the doctrine shields from liability any entity which functions as an "arm" of the Commonwealth itself. *VEPCO v. Hampton Redevel. Auth.*, 217 Va. 30, 225 S.E.2d 364 (1976). Virginia counties enjoy sover-

eign immunity from tort claims in all their activities absent statutory authority providing otherwise.[1] *Mann*, 199 Va. 169; *Fry v. County of Albemarle*, 86 Va. 195, 9 S.E. 1004 (1890). Cities and towns, however, are immune only from suits arising from the performance of "governmental" (as opposed to "proprietary") functions. *VEPCO*, 217 Va. 30.

In the instant case, FCWA concedes that at the time of the accident it was engaged in a proprietary function. Thus, if the agency is held to the standard of a city or town, it is not entitled to sovereign immunity from tort liability. FCWA contends, however, that it shares in the absolute sovereign immunity of Fairfax County, which created FCWA. In support of this position defendant cites the *VEPCO* case, 217 Va. at 34, in which the Supreme Court held that "a municipal housing authority should be held to occupy the same status as the municipality which brings it into existence and oversees its activities." FCWA also argues that had Fairfax County chosen to perform water and sewer functions itself, no liability would attach to that performance. It is illogical, FCWA contends, that those same services now create tort liability simply because a county agency, rather than the county itself, provides them.

These arguments, although appealing, do not accurately reflect the doctrine of sovereign immunity as it presently exists in Virginia. FCWA's argument is predicated on the assumption that sovereign immunity is delegable, but this theory is not supported by Virginia case law. *See, e.g., Prendergast v. Northern Virginia Regional Park Auth.*, 227 Va. 190 (1984) (agency not entitled to sovereign immunity simply because it was created to implement a policy legislated by the General Assembly). Sovereign immunity is based not on the acts performed, but on the particular identity of the actor. The protection attaches not to the County's provision of water and sewer services, but to the County in any of its activities.

Defendant cites *VEPCO*, 217 Va. 30, to support the proposition that immunity is determined by reference to the creation of the entity. The holding of *VEPCO*, however, was reached only after analysis of the agency's functions, attributes, and purposes. *Id. VEPCO* does suggest that a governmental entity not entitled to sovereign immunity itself is incapable of vesting sovereign immunity in an agency it creates. *Id.* It does not follow, however, that a county may delegate on its sovereign immunity to

---

[1] Different standards control the application of the doctrine to government employees. *E.g., Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991); *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991).

another county agency unless that agency is itself an "arm of the Commonwealth."

The *Prendergast* court reaffirmed the traditional test for immunity, stating that "the attributes of the particular entity . . . must be examined to determine whether it is an 'arm' of the Commonwealth." *Id.* at 194. In determining whether an authority such as FCWA is an "arm of the Commonwealth" and therefore enjoys tort immunity, the Virginia Supreme Court has found it "significant" whether the authority in question was created by the Commonwealth or by localities. In *VEPCO*, the redevelopment authority was found not to be an "arm of the Commonwealth" because it was not in fact created by the Housing Authority Law, but instead was activated by local government. Similarly, the park authority in *Prendergast* was not directly created by the Commonwealth. The Supreme Court held that the park authority was not an "arm of the Commonwealth" because it was "a creature of one or more localities and is essentially subject to their control." 227 Va. at 194. In this case, FCWA, as with the redevelopment authority in *VEPCO* and the park authority in *Prendergast*, was not created directly by the Commonwealth. It was created by Fairfax County pursuant to the authorization granted by the Virginia Water and Sewer Authorities Act, Va. Code Ann. § 15.1-1239. *See generally Board of Supervisors of Fairfax County v. Alexandria Water Co.*, 204 Va. 434 (1963). Fairfax County retains a substantial amount of local control over the water authority. For example, the Board of Supervisors of Fairfax County appoints the members of the FCWA and fixes their compensation. *See* Amended Articles of Incorporation of the Fairfax County Water Authority dated April 6, 1992, and admitted to record in the State Corporation Commission on April 22, 1992.

FCWA attempts to distinguish *Prendergast* from the case at bar by noting that the Park Authority in *Prendergast* was a "hybrid" entity, created by a combination of county and town action. According to FCWA, the taint of the non-immune locality removed the Park Authority's immunity. However, *Prendergast* is expressly based on the "arm of the Commonwealth" test, not on the status of the creating locality.

The Court finds no basis to distinguish FCWA from the housing authority in *VEPCO* or the park authority in *Prendergast* for the purposes of determining whether FCWA is immune from tort liability. Accordingly, FCWA does not satisfy the standard for sovereign immunity from tort liability.

598

A similar approach was adopted by the United States Supreme Court in *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391 (1979). In that case, an interstate planning authority was denied immunity under the Eleventh Amendment on the grounds that it was a "political subdivision rather than an arm of the State," funded by localities, and subject to local control.

Defendant FCWA's plea in bar is overruled. The agency is not an arm of the Commonwealth, nor does it share in the tort immunity of the county which created it.