# Virginia-American Water Company

## v.

# Prince William County Service Authority, et al.

Record No. 930694

November 5, 1993

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Keenan, JJ., and Poff, Senior Justice

D. Alan Rudlin (Richard D. Gary; Thomas J. Cawley; Charles H. Carrathers, III; Hunton & Williams, on briefs), for appellant.

William G. Broaddus (Stephen H. Watts, II; R. Terrence Ney; Therence O. Pickett; McGuire, Woods, Battle & Boothe, on brief), for appellee Prince William County Service Authority.

William H. Chambliss (Stewart E. Farrar; Anthony Gambardella, on brief), for appellee State Corporation Commission.

JUSTICE KEENAN delivered the opinion of the Court.

In this case, we decide whether Code § 15.1-1250(f),[1] part of the Virginia Water and Sewer Authorities Act, Code § 15.1-1239 to

---

[1] Code § 15.1-1250 provides, in material part, as follows:

§ 15.1-1250. Powers of authority. — Each authority created hereunder shall be deemed to be an instrumentality exercising public and essential governmental functions to provide for the public health and welfare, and each such authority is hereby authorized and empowered:

. . .

(f) To acquire, purchase, lease as lessee, construct, reconstruct, improve, extend, operate and maintain any water system, . . . and to acquire by gift, purchase or the exercise of the right of eminent domain lands or rights in land or water rights in connection therewith, . . . provided, that in the exercise of the right of eminent domain the provisions of § 25-233 shall apply. In addition, the authority in any county or city to which § § 15.1-335 and 15.1-340 are applicable shall have the same power of eminent domain and shall follow the same procedure therefor as provided in § § 15.1-335 and 15.1-340[.]

-1270 (the Act), requires a water authority subject to the Act to secure permission from the State Corporation Commission before instituting proceedings to condemn a water system owned by another such water authority.

Virginia-American Water Company (Virginia-American), a privately owned Virginia public service corporation vested with the power of eminent domain, operates water supply services in several districts, including its Prince William District in Prince William County. In September 1992, the Prince William County Board of Supervisors passed a resolution requesting that the Prince William County Service Authority (the Authority) acquire the entire water system owned and operated by Virginia-American in its Prince William District. The Authority is an instrumentality created pursuant to the Act, and is granted powers of eminent domain pursuant to Code § 15.1-1250(f).

Pursuant to the Board's resolution, the Authority made an offer to purchase Virginia-American's Prince William District water system. When Virginia-American refused the offer, the Authority filed a petition in the Prince William County Circuit Court, seeking condemnation of that system pursuant to Code §§ 15.1-1250(f), 15.1-335, and 15.1-340.

Simultaneously, Virginia-American filed a petition for declaratory judgment before the State Corporation Commission, requesting that the Commission rule that, prior to any condemnation of Virginia-American's system, the Authority must comply with Code § 25-233[2] by obtaining a certification from the Commission that "a public necessity or essential public convenience" requires condemnation of that system.

On January 21, 1993, while the Authority's condemnation action remained pending, the Commission granted the Authority's motion to dismiss Virginia-American's declaratory judgment action. The

---

[2] Code § 25-233 provides as follows:

§ 25-233. Condemnation of property of corporation possessing power of eminent domain. — No corporation shall take by condemnation proceedings any property belonging to any other corporation possessing the power of eminent domain, unless, after hearing all parties in interest, the State Corporation Commission shall certify that a public necessity or that an essential public convenience shall so require, and shall give its permission thereto; and in no event shall one corporation take by condemnation proceedings any property owned by and essential to the purposes of another corporation possessing the power of eminent domain.

Commission found that "the Authority's right to proceed with condemnation action without prior Commission approval is clear from the face of the language of [Code] § 15.1-1250(f)." In reaching this decision, the Commission construed Code § 15.1-1250(f) together with Code §§ 15.1-335 and 15.1-340.[3] The Commission held that Code § 15.1-1250(f) creates two classes of water authorities: one class that is subject, under Code § 25-233, to Commission approval of condemnation proceedings, and another class, those authorities located in cities or counties to which Code §§ 15.1-335 and 15.1-340 apply, that need not secure Commission approval under Code § 25-233. Virginia-American appeals this decision.[4]

The question presented for our review is whether the Commission correctly interpreted Code § 15.1-1250(f) and the related statutes. In resolving this issue, our analysis will be guided by certain principles of appellate review and statutory construction.

A presumption of correctness attaches to actions of the Commission. *Farmers & Merchants Nat'l Bank v. Commonwealth*, 213 Va. 401, 404, 192 S.E.2d 744, 747 (1972). Its findings will not be disturbed when they are based upon the application of correct principles of law. *Commonwealth ex rel. Attorney Gen. v.*

---

[3] Code § 15.1-335 provides, in material part, as follows:

**15.1-335. Powers of certain cities and counties to acquire waterworks system. —** For the purpose of making provision for an adequate water supply or of acquiring, maintaining or enlarging a waterworks system, (i) the council of any city having a population of more than 25,000, (ii) the board of supervisors of any county having a population of more than 500 per square mile, (iii) the board of supervisors of any county adjoining such a county, (iv) the board of supervisors of every county with a population of more than 34,200 but less than 34,900 according to the 1980 census, and (v) the board of supervisors of any county having a population of more than 59,000 but less than 71,000, in addition to other powers conferred by law, shall have. the power to acquire, within or without, or partly within and partly without, the limits of the city or county, by purchase, condemnation, lease or otherwise, the property, in whole or in part, whensoever acquired, of any private or public service corporation operating a waterworks system[.]

Code § 15.1-340 provides, in material part:

**15.1-340. Condemnation proceedings under article. —** In condemnation proceedings had under this article, the provisions of Chapter 2 (§ 25-47 et seq.) of Title 25 so far as applicable shall govern; except that the provisions of § 25-233 shall not apply. The proper court of the city or county wherein the property proposed to be condemned, or any part thereof, is located, shall have jurisdiction of the condemnation proceedings.

[4] Pursuant to Rule 5:21, the Commission as well as the Authority was made a party to the appeal.

*Washington Gas Light Co.*, 221 Va. 315, 325, 269 S.E.2d 820, 826 (1980).

None of the parties has argued that the statute is plain and unambiguous. Instead, Virginia-American contends that Code § 15.1-1250(f) requires the Authority to obtain Commission approval before proceeding with condemnation, while the Commission and the Authority contend that it does not.

The statute itself does not specifically address whether Commission approval must be obtained in eminent domain proceedings of this kind. Instead, it contains internal references to three other statutes, Code §§ 15.1-335 and 15.1-340, as well as Code § 25-233.

█ This Court has held that language is ambiguous if it can be understood in more than one way. *See Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Further, we have remarked that divergent interpretations tend to show that a statute's meaning is difficult to ascertain. *Virginia Dep't of Labor & Indus. v. Westmoreland Coal Co.*, 233 Va. 97, 101, 353 S.E.2d 758, 762 (1987). Applying this standard, we hold that the relevant provisions of Code § 15.1-1250(f) are ambiguous. Thus, we are called upon to interpret the meaning of those provisions and to ascertain and give effect to legislative intent. *Vollin v. Arlington County Electoral Bd.*, 216 Va. 674, 678-79, 222 S.E.2d 793, 797 (1976). In doing so, we may avail ourselves of extrinsic evidence and the rules of statutory construction. *Westmoreland Coal Co.*, 233 Va. at 101-02, 353 S.E.2d at 762. We also examine the disputed provisions of Code § 15.1-1250(f) in the context of other closely related statutes. *Commonwealth v. Appalachian Elec. Power Co.*, 193 Va. 37, 44, 68 S.E.2d 122, 126 (1951).

This Court previously had occasion to consider the interaction of the predecessor statutes to Code §§ 15.1-1250(f), 15.1-335, and 15.1-340. In *Board of County Supervisors v. Alexandria Water Co.*, 204 Va. 434, 132 S.E.2d 440 (1963), this Court held that the Fairfax County Water Authority could not take "by condemnation proceedings any property belonging to any corporation possessing the power of eminent domain . . . unless the Commission 'shall certify that a public necessity or that an essential public convenience shall so require, and shall give its permission thereto.' " *Id.* at 440, 132 S.E.2d at 444.

Despite this limitation on the power of the Fairfax County Water Authority, the Court held that the Board of Supervisors of Fairfax

County, to which the former version of Code § 15.1-335 was applicable because of the size of the county's population, could condemn the Alexandria Water Company's facilities without permission from the Commission. Under Code § 15.1-335, the Board had "unconditional" power to condemn the Alexandria Water Company's properties. In addition, the former version of Code § 15.1-340, applicable to the Board, provided that in a condemnation proceeding under Code § 15.1-335, the provisions of Code § 25-233, requiring Commission approval, "shall not apply." 204 Va. at 439-40, 132 S.E.2d at 443-44.

In *Alexandria Water*, it was argued that the Fairfax County Water Authority must obtain Commission approval under the former version of Code § 15.1-1250(f) because, although the Board had initiated the acquisition of the Alexandria Water Company, it "had announced publicly that the condemnation proceeding was being prosecuted on behalf of the [Fairfax County] Authority, to which the properties would be conveyed." 204 Va. at 435-36, 132 S.E.2d at 441. The Court rejected this argument, however, stating that:

Under [the former version of Code § 15.1-335] the power of the Board to acquire by condemnation the properties here involved is unconditional. That it may do so without the permission of the Commission is clearly stated. The power of the Board to convey to the Authority the properties thus acquired is likewise unconditional. There is no requirement in these statutes, or others, that if the property sought to be acquired by the Board is to be transferred to an authority for operation such condemnation proceedings may not be instituted by the Board unless and until such *authority* obtains from the Commission its permission to do so. To require such permission, as the Commission holds, is to write into the statutes a condition and qualification which are not found therein.

204 Va. at 440, 132 S.E.2d at 444.

In 1970, after our decision in *Alexandria Water*, the General Assembly enacted legislation effecting substantial changes to Code § 15.1-1250(f). As amended, the relevant portions of Code § 15.1-1250(f) provided that each authority created under the Act "is hereby authorized and empowered"

> to acquire by gift, purchase or the exercise of the right of emi-
> nent domain lands or rights in land or water rights in connec-
> tion therewith . . . provided, that in the exercise of the right of
> eminent domain the provisions of § 25-233 shall apply. In addi-
> tion, the authority in any county or city to which §§ 15.1-335
> and 15.1-340 are applicable shall have the same power of emi-
> nent domain and shall follow the same procedure therefor as
> provided in §§ 15.1-335 and 15.1-340 of the Code of
> Virginia[.]

This amended language controls the case before us today.

Virginia-American contends that Code § 15.1-1250(f), in refer-
ring to the mandatory provisions of Code § 25-233, requires that
any water authority exercising the right of eminent domain against
another corporation also possessing the power of eminent domain,
such as Virginia-American, must first obtain the Commission's cer-
tification and approval under Code § 25-233. The Authority argues,
however, that under the second sentence of Code § 15.1-1250(f), it
is granted the "same power of eminent domain" and directed to
follow the "same procedure therefor" as provided in Code
§§ 15.1-335 and 15.1-340. We agree with the Authority.

█ The legislative history of Code § 15.1-1250(f), and the con-
struction this Court placed on the statutes at issue in *Alexandria
Water*, support the conclusion we reach here. As we held in
*Alexandria Water*, the law before 1970 clearly barred a water
authority from condemning a system such as Virginia-American
without the certification and permission of the Commission. At that
time, the predecessor to Code § 15.1-1250(f) contained grants of
certain powers of eminent domain, including references to the pred-
ecessors to Code §§ 15.1-335 and 15.1-340, followed by a provision
requiring Commission certification in language similar to that of
Code § 25-233.[5]

---

[5] The previous version of Code § 15.1-1250(f) was former Code § 15-764.12(f), which provided, in material part, that all authorities were empowered

> to acquire by gift, purchase or the exercise of the right of eminent domain lands or
> rights in land or water rights in connection therewith . . . provided, that the authority
> shall have the same power of eminent domain and shall follow the same procedure
> therefor as provided in §§ 15-749 and 15-754 [the predecessors to §§ 15.1-335 and
> 15.1-340] of the Code of Virginia, except that the authority shall not take by condemna-
> tion proceedings any property belonging to any corporation possessing the power of
> eminent domain, unless, after hearing all parties in interest, the State Corporation

■ The 1970 amendment, however, repositioned the sequence of the grants and stipulations contained in Code § 15.1-1250(f). Since its amendment, the statute grants certain powers of eminent domain to all authorities, subject to the specific requirement that the provisions of Code § 25-233 shall apply. The second sentence of Code § 15.1-1250(f) then enlarges the powers of eminent domain of certain authorities, by its reference to Code § 15.1-335. It also directs that procedures other than those in Code § 25-233 be followed, by its reference to Code § 15.1-340.

■ As a general rule, a presumption exists that a substantive change in law was intended by an amendment to an existing statute. *Dale v. City of Newport News*, 243 Va. 48, 51, 412 S.E.2d 701, 702 (1992); *Richmond v. Sutherland*, 114 Va. 688, 693, 77 S.E. 470, 472 (1913). Further, we assume that the General Assembly's amendments to the law are purposeful and not unnecessary or vain. *Cape Henry Towers, Inc. v. National Gypsum Co.*, 229 Va. 596, 600, 331 S.E.2d 476, 479 (1985).

■ We conclude that, by its 1970 amendment, the General Assembly intended to grant authorities located in larger cities and counties the same powers of eminent domain, and the same freedom to proceed without Commission approval, as was already accorded those cities and counties. Thus, we agree with the Commission's holding that "a second classification of authorities — those in counties [and cities] already exempted from the Commission's authority under [Code] § 25-233 — was added."

Virginia-American argues against this interpretation, relying on the language of other Code sections. It contends that, because Code § 15.1-1250(f) incorporates by reference the eminent domain powers of the Commonwealth Transportation Commissioner,[6] it must be read together with Code § 33.1-95.[7] Code § 33.1-95 mandates the

Commission shall certify that a public necessity or that an essential public convenience shall so require, and shall give its permission thereto[.]

Acts 1960, ch. 430.

[6] The last clause of Code § 15.1-1250(f) provides that, "except as otherwise herein provided, each authority is hereby vested with the same authority to exercise the power of eminent domain as is vested in the Commonwealth Transportation Commissioner."

[7] Code § 33.1-95 states that "the provisions of § 25-233 shall apply to every statute not in this article which purports to incorporate by reference any provision of this article and which incorporation by reference does not specifically provide that § 25-233 shall not apply thereto."

application of Code § 25-233 to every statute incorporating by reference the eminent domain powers of the Commonwealth Transportation Commissioner, unless the statute specifically states that Code § 25-233 does not apply. Therefore, Virginia-American asserts that the disputed portion of Code § 15.1-1250(f) must be subject to the provisions of Code § 25-233. We find this argument unpersuasive.

The language of Code § 15.1-1250(f) itself specifies in what situations Code § 25-233 shall and shall not apply; authorities subject to the first sentence of Code § 15.1-1250(f) are told that "the provisions of § 25-233 shall apply," while authorities subject to the second sentence are referred to Code § 15.1-340, which states just as clearly that "the provisions of § 25-233 shall not apply." In such a case, there is no need to resort to Code § 33-1.95 to determine whether the provisions of Code § 25-233 shall apply. "The plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction." *Vollin*, 216 Va. at 679, 222 S.E.2d at 797.

In addition, Code § 15.1-1250(f) explicitly directs authorities in cities or counties to which Code §§ 15.1-335 and 15.1-340 apply to "follow the same procedure" as provided in Code § 15.1-340. That section specifies that jurisdiction will lie in the circuit court of the city or county where the property is situated, and it makes no provision for jurisdiction by the Commission. Further, it specifically negates any uncertainty as to whether Code § 25-233 applies. To hold that the Authority in this case must secure Commission approval would require that we ignore the clear directive in Code § 15.1-340 that "the provisions of Code § 25-233 shall not apply." This we may not do. An enactment must be interpreted, if possible, to give meaning to every word. *Monument Assocs. v. Arlington County Bd.*, 242 Va. 145, 149, 408 S.E.2d 889, 891 (1991). *See also Board of Supervisors v. Wood*, 213 Va. 545, 548, 193 S.E.2d 671, 674 (1973); 2A Norman J. Singer, *Statutes and Statutory Construction* § 47.37 (5th ed. 1992 Rev.).

Virginia-American also urges that, in holding that Code § 15.1-1250(f) creates two classifications of authorities, the Commission mistook the true purpose of the 1970 amendment to Code § 15.1-1250(f). It asserts that, before the 1970 amendment, *all* authorities had the power to condemn entire water systems under Code § 15.1-1250(f), through incorporation of Code § 15.1-335,

which granted the same power only to *some* cities and counties. Virginia-American argues that the changes made in 1970 to Code § 15.1-1250(f) were meant only to resolve an anomalous situation that existed before 1970 whereby an authority might have condemnation power over an entire system, while the city or county in which it was located did not. Virginia-American contends that the General Assembly meant to rectify this situation but left intact the requirement of Commission approval for all authorities.

This argument can be accepted, however, only by disregarding the fact that the 1970 amendment also effected a significant recasting of the language of Code § 15.1-1250(f). Prior to 1970, the provision dealing with Commission approval appeared at the end of all grants of power to all authorities, thus limiting all such grants. The 1970 amendment placed the Code § 25-233 requirement at the end of the general provisions applicable to all authorities, but *before* the second sentence granting additional powers to certain authorities.

The form of these revisions strongly suggests that the legislature intended more than one substantive change in the law. This amendment withdrew from authorities in smaller municipalities the power to condemn entire systems, reserving that power to authorities in larger municipalities through the reference to Code §§ 15.1-335 and 15.1-340, while relieving the authorities in larger municipalities of the need to obtain the Commission's approval under Code § 25-233.

Virginia-American correctly maintains that statutes conferring the power of eminent domain must be strictly construed against the grant of such power. *Dillon v. Davis*, 201 Va. 514, 519, 112 S.E.2d 137, 141 (1960). It contends that the language of Code § 15.1-1250(f) does not speak with sufficient clarity to exempt certain authorities from the requirement of Commission approval. Virginia-American argues that the legislature could make such an intention plain only by stating once again, at the end of the disputed language, that "the provisions of § 25-233 shall not apply." We disagree. The fact that Code § 15.1-1250(f) incorporates by reference the procedures set forth in Code § 15.1-340 sufficiently manifests the General Assembly's intention to exempt certain authorities from the requirements of Code § 25-233.

Further, Virginia-American argues that because the words "in addition" are used to introduce the second sentence of Code § 15.1-1250(f), that sentence should not be construed to create an exception to the requirements of Code § 25-233 in favor of some

authorities. It contends that the General Assembly would have chosen exclusionary words such as ''provided, however,'' or ''except that'' if it intended to create such an exception. We do not agree, however, for we do not find it unusual that the phrase ''in addition'' should be included in a sentence whose effect is to confer additional powers of eminent domain upon certain authorities.

Finally, Virginia-American argues that, since the General Assembly rejected a proposal in 1970 (Senate Bill No. 283) to dispense with Commission approval in condemnation proceedings for all authorities, and the final bill included the present reference to Code § 25-233 found in Code § 15.1-1250(f), this Court should infer that the General Assembly intended to retain the Code § 25-233 requirement as to all authorities. We disagree that logic compels such a conclusion. The fact that the General Assembly did not dispense with the requirement as to all authorities does not prove that the General Assembly retained the requirement as to all authorities. Rather, the revisions to Code § 15.1-1250(f), as explained above, specifically require otherwise.

Finding no error below, we will affirm the order of the Commission granting the Authority's motion to dismiss.

*Affirmed.*